240 P.2d 541

CONE v. RIGHETTI.

No. 5407.

Supreme Court of Arizona.

Feb. 11, 1952.

Rehearing Denied March 11, 1952.

Lewis, Roca & Scoville, of Phoenix, for appellant.

Church & Farone, of Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from an order of the superior court of Maricopa County changing custody of minor children from appellant to appellee.

The facts are that on November 24, 1948, a decree of divorce was entered in the superior court of Maricopa County on the cross-complaint of Thelma J. Cone against William K. Cone dissolving the

bonds of matrimony between said parties, settling their community property rights and awarding the custody of the three minor children of the parties to the mother, Thelma J. Cone. The property settlement and the awarding of custody of the children to the mother was in conformity with a written stipulation entered into between the parties on November 15, 1948, and presumably based thereon.

On December 18, 1948, Thelma J. Cone married Harold Whitney and on that date upon her request a second stipulation was entered into between her and William K. Cone providing for a modification of the divorce decree in which it was agreed that the permanent care, custody and control of James Robert Cone and Lois Virginia Cone was given to the father William K. Cone. The stipulation further made provision for a reduction in the amount of support money required under the decree to be paid to the mother for the support of the children, and on December 20 the decree was modified accordingly.

On May 31, 1949, a decree of divorce was entered in the superior court of Maricopa County dissolving the bonds of matrimony between Thelma Cone and Harold Whitney and on the following June 27, Thelma Cone married Maurice Righetti in the state of Nevada. Thereafter and on the following July 30 at the request of Thelma Cone a further stipulation was entered into between her and William K. Cone in which it was stipulated that the

father should have the permanent care, custody and control of Nancy Elizabeth Cone who was then approximately one and a half years of age, and for further reduction in the support money provided to be paid under the terms of the original decree.

On August 1, 1949, pursuant to said stipulation the original decree of divorce was further modified to read as follows: "That plaintiff (appellant) be and he is hereby awarded the permanent care, custody and control of James Robert Cone, Lois Virginia Cone and Nancy Elizabeth Cone, the minor children of the parties, subject to reasonable visitorial rights in (appellee) defendant." The order was made effective as of July 31, 1949.

On February 7 and on March 8, 1950 respectively, the mother of said children filed with the superior court affidavits in said cause in which she stated that conditions and circumstances surrounding the parties had materially changed since the issuance of the order of August 1, 1949, in that she had remarried and that she then had a home adequate to take care of Lois Virginia and Nancy Elizabeth Cone and asked for a modification of the decree giving her the custody of said minor children. An order to show cause was issued and thereafter on March 6 the matter came on for hearing which lasted approximately 4 days and on March 11, 1950, the court entered its minute order modifying the decree of divorce and the subsequent modi-

fications thereof as hereinafter set forth in extenso.

The order of March 11, changing the custody of the two minor children was entered as a minute order but was never reduced to writing, signed by the trial judge and filed of record as were the previous orders of the court changing custody of the minor children. It is from this order that William K. Cone appeals and has assigned five separate assignments of error. The first two are based upon the ground that there was no change of conditions affecting the welfare of the minor children between the date of the order of August 1, 1949, giving custody of the children to the father and the date of trial. Assignment No. 3 is directed at the insufficiency of the evidence as a matter of law to justify the modification of the decree. Assignment No. 4 is based upon the ruling of the trial court allowing Thelma J. Cone to give oral testimony which had the effect of modifying her written stipulation relating to the same subject matter; and assignment No. 5 is based upon the alleged abuse of discretion of the trial court in changing the custody of the said children.

The appellant first presents a technical issue based upon the legal status of the court's minute order of March 11, 1950, from which this appeal was taken. Is it an appealable order? The order as it appears in the minutes reads as follows:

"This cause having heretofore been taken under advisement, it is ordered modifying the decree heretofore entered to provide that the care, custody, and control of Nancy Elizabeth Cone be awarded to the defendant Thelma Righetti, with reasonable visitorial rights in the plaintiff, and plaintiff is required to pay the sum of $20.00 per month for her care and support.

"It is ordered that the care, custody, and control of Lois Virginia Cone is to remain with the father William K. Cone during the school year, and that the defendant Thelma J. Righetti have her care and custody during the months of June, July, and August, at which time the care and support for both children will be $60.00 a month.

"It is ordered that each party is herewith given reasonable visitorial rights with reference to Lois Virginia Cone when she is legally in the custody of the other party. Reasonable visitorial rights shall mean the right to visit on Sundays only between 10:00 A.M. and 6:00 P.M.; and each party to bear expenses incident to acquiring custody."

On the same date this order was stayed pending appeal to the supreme court to terminate automatically in the event appellant failed to effect his appeal, etc.

█ Section 21–1702, A.C.A.1939, reads in so far as here material, as follows:

"An appeal may be taken to the Supreme Court from the superior court in the following cases:

\*　　\*　　\*　　\*　　\*　　\*

"2. * * * from any special order made after final judgment * * *."

We are of the view that the order above set forth is an appealable order under the language above quoted from section 21–1702, supra. It is an order special in character, in that it relates only to the custody and support of minor children involved in a divorce action after judgment entered therein. To the extent that the decree of divorce severed the marital relations theretofore existing between the parties it was a final judgment and the above order from which appeal was taken is a special order made after final judgment. We think, however, it would unquestionably be the better practice to reduce these orders to writing and have them signed by the trial judge.

The question presented on the merits of the case is: does the evidence show a change in conditions surrounding the children involved, affecting their welfare between August 1, 1949 when the custody was given to appellant, and March 11, 1950, the date of the order from which this appeal was taken?

It is the universal rule that orders awarding custody of minor children to one of the parents upon dissolution of the marital relation is not a final order but that the court retains jurisdiction of the case in order that the best interests of the minor children, which is the primary consideration of the court, may be protected. Most states, including Arizona, have a statute expressly providing for the retention of jurisdiction in the court for such matters. See section 27–811, A.C.A.1939. We held, however, in the case of Burk v. Burk, 68 Ariz. 305, 205 P.2d 583, 584, that: "* * in the absence of a showing that a substantial change in circumstances has occurred subsequent to the entry of a decree awarding custody of children to one of the parents or that there has been some misconduct on the part of the parent having custody, the decision of the court awarding custody of minor children is final and cannot be modified by the court rendering it. * *"

In 17 Am.Jur., Divorce, section 684, it is said: "* * * A decree fixing the custody of a child is, however, final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child."

The custody of the children here involved was given to the appellee in the original decree in conformity with stipulation of the parties filed with the court. Subsequently upon stipulation of the parties their custody was awarded by the court to appellant. The court would not have been justified in either case to award custody to either parent upon the stipulation alone but it had to be convinced that the best interests and general welfare of the minor children would be promoted by their asso-

ciation and training of the parent in whose custody they were placed.

■ The Burk case, supra, had to do with a change of custody as fixed by the original decree of divorce to the other parent. We can see no reason for making a distinction between a change from custody awarded in the original décree of divorce and a change from custody subsequently awarded by an order modifying the decree. In either case, before the court has authority to change the custody of a minor child it must be shown that there had arisen a change in the conditions or circumstances surrounding the children affecting their general welfare and that it would be for their best interests that a change in custody be made.

Upon the assignments presented it **is** necessary to a decision of the case that we look to the evidence for an answer. Therefore we have read carefully all of the evidence in the record. In appellee's affidavits upon which she was seeking a change in the custody of the minor children here involved she stated that she had married since the court made its order of August 1, 1949, awarding the custody of the minor children to appellant. Her testimony at the trial discloses that she had been married to Mr. Righetti more than a month at the time the order was made giving appellant the custody of the minor children. She stated in her affidavits that she had a new home adequate to take care of the children. The evidence showed that she and her husband were then living in a two-room apartment and that she had been pregnant since before August 1, 1950. The evidence did disclose that at the time of the trial they had a new home under construction.

All of the evidence is to the effect that the children, under the custody of appellant, were well cared for; that they were orderly in their conduct and obedient to his commands; that the girl attends church and Sunday school, and is doing much better in her public school work than she was doing when he first obtained custody of her; that appellant has a housekeeper employed who takes good care of the children including the baby and that the health of all the children is good. On the other hand a number of neighbors testified that Mrs. Righetti was unstable; that she could not control the children; that when the children were under her control the older boy and girl were continually quarreling and fighting; that during that period the girl frequently did not come home from school until after dark; that when the children were supposed to be at home they were playing with other children and visiting at their homes, quarreling and fighting wherever they went. There is no dispute in the evidence on this issue either as to the care they were receiving at the hands of appellant and the improvement of their condition or to the care they received at the hands of their mother and as to their conduct under those conditions.

The record before us discloses that Mrs. Righetti became much excited upon the witness stand under cross-examination and the court was unable to control her conduct or to stop her from talking or to have her answer questions "yes" or "no". We believe, however, counsel in cross-examining appellee went beyond the limit of propriety and should have been curbed by the court. Judge Donofrio was most lenient with appellee at all times during the course of the trial. There is no question but what the court erred in permitting appellee to testify to an understanding she had with her husband relative to the change of custody of the children contradicting a written agreement which she and appellant had signed giving him the custody of the children, but since the agreement itself was not binding upon the court the error was harmless. We fail to find any evidence in the record showing a change in the circumstances and conditions surrounding these children affecting their general welfare since the court's order of August 1, 1949. The court was therefore not justified in awarding custody of the minor children to appellee.

Judgment reversed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.