412 P.2d 480

Mae Louise BAILEY, Appellant,

v.

Reford L. BAILEY, Jr., Appellee.

No. 1 CA–CIV 108.

Court of Appeals of Arizona.

March 29, 1966.

Rehearing Denied April 26, 1966.

Palmer C. Byrne, Prescott, for appellant.

Eino M. Jacobson, Prescott, for appellee.

STEVENS, Chief Judge.

The issues presented to this Court relate to the propriety of the order modifying the child custody provisions of a decree of divorce. The parties were married in 1946. We are not informed as to the date of their separation or the date that Mae Louise

Bailey, hereinafter called the plaintiff, filed her suit for divorce. The record reflects that she filed an amended complaint, the defendant filed his answer thereto, a hearing without contest was conducted and a decree of divorce was entered, all on 14 December 1962. The decree approved a child custody and property settlement agreement which was dated 13 December 1962, which made reference to a then pending divorce action bearing the same number as the case now before us and the agreement was physically incorporated into the decree. At the time of the entry of the decree, the two children of the parties, James Daryl Bailey, referred to as "Jim" and Reford L. Bailey III, referred to as "Bud", were aged 15 and 9 respectively.

The agreement states in part:

"The Parties hereto, desire to enter into a child custody and property settlement agreement to settle fully the custodial rights of the minor children subject to confirmation by a Court of competent jurisdiction * * *.

"This Agreement is intended to concern only a settlement of the custody rights of the minor children of the Parties and the property rights of the Parties * * not * * * contingent upon a Decree of Divorce * * *. Subject to confirmation by a Court of competent jurisdiction, it is agreed that the Wife shall have the sole care, custody and control of said minor children subject to rights of reasonable visitation in the Husband. * * *"

The decree, independent of the language contained in the agreement, provided in part:

"That Plaintiff is awarded the care, custody and control of the minor children of the parties, namely, JAMES DARYL BAILEY and REFORD L. BAILEY, III, with rights of reasonable visitation in Defendant."

The home of the parties was retained without being awarded to either party, the decree providing that the home was to be sold and the proceeds divided. As provided in

the decree, pending the sale of the home the plaintiff had the privilege of the occupation thereof upon making the payments to become due thereon. The parties were heavily in debt. There were additional matters in the agreement and in the decree which are not material here. Later, the exact date not being clear from the record, the defendant purchased the plaintiff's equity in the house and re-occupied the house. The plaintiff did not remarry and during most of the time following the divorce, she was gainfully employed. The defendant has a responsible position with a responsible company. He remarried in August 1963 and in September 1963, he commenced court proceedings for the purpose of securing the custody of Jim. This custody change and modification of the decree was not resisted and on 13 November 1963, the child custody provision of the decree was modified to read as follows:

"That Plaintiff is awarded the care, custody and control of REFORD L. BAILEY, III, minor child of the parties with rights of reasonable visitation in the Defendant; and that Defendant is awarded the care, custody and control of JAMES DARYL BAILEY minor child of the parties with rights of reasonable visitation in the Plaintiff."

In July 1964, the defendant took the necessary steps to commence a proceeding seeking the custody of Bud, being the proceedings which we now have under consideration. These proceedings were resisted by the plaintiff who also sought to set aside the 13 November 1963 modification and to reinstate the child custody provisions of the original decree of divorce. A hearing was had on 10 November 1964, which resulted in the following orders:

"The Defendant is awarded the care, custody and control of REFORD L. BAILEY, III, minor child of the parties, with rights of reasonable visitation awarded to the Plaintiff." * * *

"That the Petition of MAE LOUISE BAILEY, seeking the change of custody

of JAMES DARYL BAILEY, minor child of the parties, is denied."

The appeal now before us relates to the change of custody in relation to Bud. There is no appeal in relation to the failure of the court to restore Jim's custody to the plaintiff. There was some delay in relation to the processing of the appeal pending the clarification of the supersedeas aspect of this cause and in this connection, see the case of Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907 (1965).

The sections hereinafter cited are portions of the Arizona Revised Statutes. The first two sections relate to child custody in the matter of domestic relations litigation and are quoted in part:

"§ 25-319. A. In the final judgment of divorce the court may, * * * make such disposition of and provision for the minor children as is most expedient under all circumstances for their present comfort and future well-being.

"§ 25-321. The court may from time to time after entry of final judgment, on petition of either party * * * amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

While § 14-846 does not directly relate to divorce and child custody, this section is cited in domestic relations matters in relation to public policy guidelines where child custody is involved, a portion of this section is as follows:

"§ 14-846 Considerations in selecting guardian; policy as to preference

"A. In awarding custody of a minor * * * the court shall be guided by the best interest of the child * * *. If the child is of sufficient age to form an intelligent preference, the court may consider that preference.

"B. As between parents * * * neither parent is entitled to it as of right, but, other things being equal, if the child

is of tender years, it shall be given to the mother. If the child is of an age requiring education and preparation for labor or business, then to the father. * * *"

The statutes recognize that the paramount consideration is the welfare of the child. The statutes do not require changed conditions as a prerequisite to the modification of the custody provisions of a decree of divorce. The case law of this State does require a showing of change.

 The parties cannot bind the court by their agreement as to custody. Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541 (1952). However, it is seldom that a court, in an uncontested hearing, will make a child custody determination which differs from the language of the agreement signed by the parents. Even though the judgment which results proves to be not to the best interest of the child, the orders which confirm the stipulations and agreements are as binding as are those which are entered by the court based upon its own determination after a full hearing. This is illustrated by *Cone.* Temporary expediency at the time of the entry of the decree of divorce often dictates the terms of the agreement including, but not limited to, the provisions in relation to child custody. We recognize the need for rules and we recognize the need for an end to litigation.

Without attempting to be exhaustive in connection with the rules relative to changes in child custody, the case law of this State establishes the following rules:

 The one who seeks to modify a decree has the burden of proof. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965). The petitioner must show changed circumstances effecting the welfare of the child. Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960), modified as to other matters on rehearing, 88 Ariz. 285, 356 P.2d 30 (1960), Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960), Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (1961). Upon a showing being made, the trial court exercises its sound judicial discretion. *Ward.* The or-

der which it is sought to change is final upon the facts which were before the court at the time of the entry of the order. *Ward.* The primary consideration is the welfare of the child. *Ward; Galbraith.* The Court will look to the best interests of the child and not to the gratification of the parents. *Galbraith.* The interests of the parents are worthy of consideration. *Ward.* The child's desires are important but not necessarily controlling. *Ward.* The determination of the trial judge must be supported by the evidence and if it is so supported, it will not be set aside and it is the absence of such support, which constitutes an abuse of discretion. *Ward; Galbraith.* The trial judge is in the best position to determine the issues. *Galbraith; Smith; Andro.* Remarriage alone is not a sufficient change of circumstances to warrant a modification of the custody provisions of the decree. *Andro.*

Upon the conclusion of the presentation of the testimony of the parties and their witnesses, the trial judge held an in chambers conference with Bud. The parents were absent, their attorneys were absent, no court reporter was present and the record is silent in relation to the matters discussed in that conference. In connection with the conference, the record reflects that during the afternoon session, the trial judge expressed his desire to have the privilege of conferring with Bud. After both sides had rested, defendant's counsel requested that the court not only talk to Bud but that the Court also talk with Jim who had already testified.

The Court made the following statement:

"THE COURT: Well, I made the appointment now to talk with Bud.

Well, the Court will take this matter under advisement and will now speak with the younger boy in Chambers."

The record does not reflect a stipulation authorizing the conference procedure and the record is silent as to an objection to the judge's proposal.

 At the time of the oral argument, plaintiff's counsel was asked whether or not he had made an objection and he

stated that to have objected would have been useless. There is nothing in the record which would indicate that the trial judge would not have given realistic consideration to an objection had one been made. It is necessary to safeguard one's record during the course of the trial before matters can be urged upon appeal. Bruno v. San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308 (1953). No objection having been made, there is no error.

In chambers conferences between the trial judge and the children of the litigants have been an important part of many domestic relations trials. It is interesting to note that in *Galbraith* on page 363 of the Arizona Reports, 356 P.2d 1023, at page 1027, the Court commented:

"It should be noted here that the trial judge did not interview any of the children personally."

Frequently these conferences are conducted with a promise by the trial judge that the information is confidential, that the child need not repeat that which has been said and the judge will not repeat that which has been said. It is vital that this confidence be observed.

▆▆▆▆▆ In this, one of the most difficult responsibilities of a trial judge, the judge is privileged to consider the information so secured in his final decision. The information given to the trial judge during the in chambers conference may well be the crucial and determining factor in the court's decision. We do not say that if the record is overwhelming in favor of one decision that the in chambers conference alone will be sufficient to sustain a contrary finding for that problem is not before us. In this case, the reported evidence sustains the decision and we must assume that the decision is fortified and strengthened by the in chambers conference. There was nothing in the original decree which established the defendant to be unfit to have the custody of his sons, nor did the hearing establish the mother to be one to be unfit to have their custody. There were a number of changed conditions. There was a change in the con-

dition of housing, the defendant remarried and established a home, Jim's custody had been changed from the mother to the father, there was a strong attachment between Bud and his older brother, and the testimony of Bud's school teacher was material in relation to Bud's best interest under the circumstances. We do not find an abuse of discretion; the modification of the decree is affirmed.

CAMERON and DONOFRIO, JJ., concurring.