432 P.2d 282

**Theresa G. TIBBETTS, Appellant,**

v.

**Harry F. TIBBETTS, Appellee.**

**No. I CA–CIV 603.**

Court of Appeals of Arizona.

Oct. 13, 1967.

Otto H. Linsenmeyer and Sydney Block, by Sydney Block, Phoenix, for appellant.

John J. Murphy, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal from an order of the Superior Court of Maricopa County amending a prior decree of divorce by changing the custody of two minor children. We are called upon to determine whether the evidence presented at the hearing below is sufficient to warrant a modification of the original decree to provide that custody of the children be transferred from the mother to the father.

The facts necessary for a determination of this question are as follows. The appellant mother was awarded a divorce from the appellee father on 29 November 1962, at which time custody of their four minor children was granted to said mother and the father ordered to make support payments to her. In May of 1965 the father

petitioned for a change in custody as to the two youngest children. The two older children were at that time twenty and eighteen years of age respectively, and were not then residing with the mother. This petition was supported by the affidavit of the two older children together with that of a 27-year-old daughter who was not part of the original custody provision in the decree of divorce.

■ Hearings were held, and the court conferred with the minor children in chambers and ordered an investigation. At the hearings it was brought out that the mother has remarried, and there was sufficient evidence from which the court could find that the new husband and the two minor children were antagonistic, and further that the mother and her new husband were not providing a proper home for the said two minor children. Evidence also was produced that the father, an admitted alcoholic, had stopped drinking and was now married, and that with his new wife he was able to provide a home for the two minor children. The father's new wife concurred in the request.

■ The law is clear that the court has the power from time to time to amend, revise, or alter custody provisions of a divorce decree "as circumstances of the parents and welfare of the children require". § 25–321 A.R.S. Both our Supreme Court and this Court have stated generally the rules regarding change of custody. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965); Bailey v. Bailey, 3 Ariz.App. 138, 412 P.2d 480 (1966).

From the record before this Court we do not find an abuse of the trial court's sound discretion in changing the custody of the two minor children from the mother to the father. The transcript of testimony in our opinion indicates that the best interests of the two minor children will be served by the change of custody.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.