481 P.2d 881

**David A. ANDERSON, Appellant,**

**v.**

**Faye Suzanne ANDERSON, Appellee.**

**No. I CA–CIV 1296.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 9, 1971.

Rehearing Denied April 13, 1971.

Review Denied May 19, 1971.

Ward & Contreras, by Joe W. Contreras, Phoenix, for appellant.

Shepard M. Weinstein, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from an order modifying the custody and support for minor children provisions of a previous divorce decree obtained on stipulation.

For a better understanding of the legal issues involved, a brief background is helpful. The parties were married in Wisconsin in 1961. Within the next three years the two minor children, who are the subject of the order, were born as issue of their marriage. Both children are girls, now 9 and 6 years of age. In 1967 the parties moved to Tempe, Arizona, and in the following year their marriage began experiencing difficulties. In March 1969 appellee (the mother) filed a complaint for divorce and for custody of the children. Appellant filed an answer to the complaint and counterclaimed for divorce and for custody of the children. The parties thereafter entered into an agreement regarding their property and the custody and support of their children. On stipulation the appellant proceeded on April 23, 1969, to trial on his counterclaim and the agreement was presented to the court for approval.

The pertinent part of the agreement with reference to the children provided:

"It is mutually agreed and understood by and between the parties that it is for the best interests and welfare of the minor children of the parties that Second Party .[husband] be awarded the care, custody and control of the minor children at this time and that this agreement and any decree of divorce entered whereby Second Party shall be awarded the care, custody and control of the minor children of the parties shall be subject to review and consideration at such time as the First Party [wife] finishes her college education, or two years from the date of this agreement, whichever date first occurs, in the event that First Party shall request such review and reconsideration. In this respect, it is specifically understood and agreed by the parties that this first method of child custody and visitation shall in no way be a prejudice or advantage to either party at such future date of reconsideration by the Court in the event that the parties are unable to mutually agree upon such new terms of custody and visitation."

At the stipulated hearing the court entered its order for a decree of divorce on the counterclaim and issued its formal written decree. The pertinent portions of the decree relating to the children read:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

Agreement entered into between the parties concerning the division of their community property, custody of the children, and payment as and for acquisition of Plaintiff's interest to the community property, which Agreement has been introduced and admitted in evidence in this proceeding, be and the same hereby is approved and confirmed, and the terms of said Agreement are incorporated in this decree as hereinafter ordered.

\* \* \* \* \* \*

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in consideration of the plaintiff's contemplation to continue and finish her college education, Defendant [father] shall have the care, custody and control of the minor children of the parties, [names omitted] with reasonable visitation rights to the plaintiff [mother] \* \* \*. The award of the care, custody and control of the minor children of the parties to Defendant shall be subject to supervision by the Superior Court of the County of Maricopa, Arizona, and shall be subject to review and reconsideration at such time as the plaintiff finishes her college education, or two years from this date, whichever first occurs, in the event that Plaintiff shall request such review and reconsideration. In this respect, it is specifically ordered that this first method of child custody and visitation shall in no way be a prejudice or advantage to either party at such future date of reconsideration by the Court in the event that the parties are unable to mutually agree upon such new terms of custody and visitation."

On September 18, 1969, appellee filed the present petition seeking modification of the custody provisions of this decree. Appellant moved to dismiss the petition, which motion was denied and a hearing was held on its merits. This hearing occupied two trial days in which eight witnesses appeared and several exhibits were introduced. At the conclusion of this hearing the court made its order, dated October 8, 1969, regarding custody as follows:

"This matter having come on regularly to be heard by the Court \* \* \* the Court received evidence \* \* \* and being fully advised in the premises, the Court finds that both parties are fit and proper persons to have the care, custody and control of the minor children herein and that the best interests of the said minor children would be served by granting the care, custody and control of said children to their mother, the Plaintiff herein, \* \* \* so that it is therefore,

"ORDERED ADJUDGED AND DECREED that the Plaintiff be awarded the care, custody and control of the minor children of the parties hereto, and that Defendant shall have reasonable visitation rights, said children to be delivered forthwith to Plaintiff, \* \* \*·

The present appeal is from rulings on the petition and the aforementioned order.

The basis of appellant's motion to dismiss the petition was that the language in the written agreement which was incorporated in the original decree to which he and appellee were parties precluded appellee from seeking in September 1969 a modification of the decree. Appellant's premise is that the language which states that custody "\* \* \* shall be subject to review and reconsideration at such time as the plaintiff finishes her college education, or two years from the date of this agreement, whichever date first occurs \* \* \*." specifically limited a reconsideration of the custody award, and that because the appellee who had been attending college did not complete her course of study the earliest time she could seek review would have been either the second year after the date of the decree, namely, April 23, 1971, or upon completion of her college curriculum, that is, that the petition seeking modification is premature and should be dismissed, also that custody should continue in appellant.

On the other hand, appellee contends that after remarrying and moving to

California, she decided not to complete her college curriculum, but instead to become a housewife. She argues that her petition for modification was not premature for the reason that she had terminated her college education and that the decree did not condition review of the custody situation upon her receiving a college degree or completing a curriculum. It is her position that her election to cease her college education was within the meaning of the phrase "finishes her college education" and for that reason she was not premature in seeking to have the custody provisions modified. We agree. The wording of the agreement regarding the college education was not explicit in defining any particular course, degree, or length of time. It was indefinite in this respect and in any event was dependent upon her application to her studies and continuing in college, which she has now abandoned.

■ Although the parties are proceeding on the agreement which is binding on them, the agreement of the parties relating to custody matters does not in any case bind the court. The court, independent of any stipulation or agreement of the parties, must be convinced that the best interests and welfare of the minor children will be advanced by the award. Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541 (1952); Bailey v. Bailey, 3 Ariz.App. 138, 412 P.2d 480 (1966). Regardless of the restrictions relating to the date when the custody award could be reviewed, as were attempted to be imposed on the parties by the terms of agreement and decree pursuant thereto, the court was not bound thereby. See Annot. 73 A.L.R.2d 1444 (1960).

Appellant further claims that the trial court erred in not permitting evidence to be fully presented concerning events occurring prior to and at the time of the decree, April 23, 1969. Certain jurisdictions in modification cases have refused to consider evidence of misconduct of the parties prior to the original decree awarding custody based upon the principle of res adjudicata; i. e., that the original decree is a conclusive adjudication of the relative fitness of the parties at that time. See cases collected in Annot. 9 A.L.R.2d 623, 631 (1950). Our Supreme Court in Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960) enunciated that the change of circumstances rule in these cases is an aspect of the principle of res adjudicata. Arizona courts do, however, appear to allow, in certain instances the introduction of evidence relating to circumstances prior to the decree:

" * * * the fact the prior determination of custody by the court is res judicata as to the circumstances considered by the court at that previous time does not mean that evidence introduced at the prior hearing is necessarily inadmissible at subsequent hearings. Indeed, some matters will have to be shown the court in order that it may determine if there is in fact a change of conditions since the prior hearings." Allison v. Ovens, 4 Ariz.App. 496, 500, 421 P.2d 929, 933, vacated on other grounds, 102 Ariz. 520, 433 P.2d 968 (1967).

We have carefully reviewed the transcript of the modification proceedings to determine whether the court's evidentiary rulings precluded appellant to his prejudice from presenting evidence concerning circumstances prior to the decree, and do not find that any such testimony was excluded by the rulings of the court. We note that an objection was sustained to a question regarding appellee's conduct before the divorce, but at the time of the arguments on its admissibility the appellant withdrew the question, never asking it again.

■ It is axiomatic Arizona law that the trial court in divorce cases retains continuing jurisdiction to modify or amend the custody provisions relating to minor children. Also well established is the proposition that a prerequisite to modification is a showing of changed circumstances affecting the welfare of the children. The trial judge occupies the best position to determine what will best serve the interests of the children, and unless he has clearly

abused his discretion in this regard the reviewing court will not disturb his decision.

At the modification hearing appellee's evidence was to the effect that subsequent to the issuance of the decree her life became stable. She married a Naval officer and leased a condominium home in Huntington Beach, California, located in a neighborhood where there are many young children and good school facilities. This, she contends, would provide a harmonious environment for the children.

Appellant, on the other hand, argued that the children would be neglected by awarding custody to the appellee, basing this assertion primarily on her prior conduct.

In the modification order the court found that both parties were fit and proper persons to have custody. There is no evidence that there has been an attempt by either parent to alienate the children's affections.

While the mother remarried shortly after the divorce, the father has not. In Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965), it was found that the mother's remarriage did not provide a cogent reason to warrant a modification, but there the marriage was to her former husband's stepfather for whom, years before, the husband's mother had left the husband's father. Although remarriage alone will not support a modification, Bailey v. Bailey, supra, it is one of many factors which the trial court can consider. Too, we assume that the court considered the ages and sex of the children herein involved. Public policy guidelines in domestic relations cases have been laid down in A.R.S. § 14–846. Subsection B thereof states:

"B. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child is of tender years, it shall be given to the mother. If the child is of an age requiring education and preparation for labor or business, then to the father."

Neither "tender years" nor "an age requiring education and preparation for labor or business" has been defined by the legislature. These concepts vary according to the facts present in each case. Ward v. Ward, supra. The trial court in the instant case could have considered these children to have been of tender age, with that determination as an additional basis for its award.

On the basis of all the facts before us, we do not find that the trial court abused its discretion in ordering the change of custody.

It is to be noted that the order for change of custody was suspended pending appeal, by the posting of a supersedeas bond. At the time of argument before this Court it was stated that the children were with appellant. No doubt they are enrolled in school, a fact which should be considered.

The order of the trial court is affirmed with the direction that to ease the transition in the children's lives they be delivered to the appellee at such time as they have completed their studies for the present school year.

STEVENS, P. J., and MELVYN T. SHELLEY, Superior Court Judge, concur.

NOTE: The Honorable JAMES DUKE CAMERON was a member of Department A of Division One of the Court of Appeals at the time this cause was argued. He requested that he be relieved from consideration of this matter and The Honorable MELVYN T. SHELLEY, a Judge of the Superior Court, was called to sit in his stead and participate in the determination of this decision.