632 P.2d 271

**Danny LOWTHER, Petitioner,**

v.

**Honorable Robert J. HOOKER, Judge of the Pima County, Arizona Superior Court, Division I; Honorable William E. Druke, Presiding Judge of the Pima County, Arizona Superior Court; and Rosemary Lowther, Respondents and Real Party in Interest.**

**No. 2 CA–CIV 4044.**

Court of Appeals of Arizona, Division 2.

July 24, 1981.

Aboud & Aboud by John Eli Aboud, Tucson, for petitioner.

Patric E. Durazzo, Tucson, for respondents and real party in interest.

## OPINION

HOWARD, Judge.

The subject of this special action is an order of the respondent court vacating a previously-entered superior court order modifying the child custody and support provisions of a divorce decree. Since matters concerning children are entitled to precedence and the remedy by appeal would thus be inadequate, we assume jurisdiction and grant relief.

The modification order was entered by a court commissioner pursuant to a stipulation executed by petitioner, the husband, and his former wife who had been awarded custody of the parties' minor child under the dissolution decree. The stipulation provided that the care, custody and control of the child be awarded jointly to both parents with the father being entitled to sole custody and control at all times except for specifically-designated periods. It further provided for termination of the father's obligation to pay child support to the mother on November 30, 1980. Petitioner, accompanied by his attorney, appeared before the commissioner when the stipulation was presented for an order of the court. The court was apprised of the circumstances giving rise to the new custodial arrangement and the parties' agreement. The court apparently concluded that custody modification as per the agreement was in the best interest of the child.

Approximately five months after the above modification was accomplished and

the child's custody was changed pursuant thereto, the mother filed a motion to set aside the order. The grounds for the motion were that the mere stipulation of the parties was an insufficient basis for modifying the child custody provisions of the dissolution decree and that A.R.S. § 25–339 and Rule VIII of the Pima County Rules of Practice in Superior Court had not been complied with. A.R.S. § 25–339 provides:

"A party seeking a modification of a custody order shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification and shall give notice, together with a copy of his affidavit, or verified petition to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested modification should not be granted."

Subsection B of Rule VIII, provides that "[n]o hearing for modification of a child custody order or decree shall be set aside unless there is compliance with A.R.S. § 25–339 and this rule." It further requires the filing of a petition for modification of child custody by any party seeking a modification of child custody, the form of notice to all persons entitled to notice under A.R.S. § 8–401 et seq., and the affidavit required by A.R.S. § 8–409.

The respondent court, in setting aside the previous order of the court commissioner, directed the father to file the proper motion for modification of the care, custody and control of the minor child within a designated period of time. The petition for special action was thereupon filed and we stayed all proceedings in the respondent court until disposition of the petition.

■ The respondent court apparently concluded that a petition for modification of custody was a jurisdictional prerequisite to a valid modification order. We do not believe under the circumstances here, that this conclusion was justified.

■ It is well-settled that the parties cannot bind the court by their agreement as to custody. *Cone v. Righetti*, 73 Ariz. 271, 240 P.2d 541 (1952); *Bailey v. Bailey*, 3 Ariz.App. 138, 412 P.2d 480 (1966); *Anderson v. Anderson*, 14 Ariz.App. 195, 481 P.2d 881 (1971); *Evans v. Evans*, 17 Ariz.App. 323, 497 P.2d 830 (1972). But, as stated in *Bailey*:

"... However, it is seldom that a court, in an uncontested hearing, will make a child custody determination which differs from the language of the agreement signed by the parents. Even though the judgment which results proves to be not to the best interest of the child, the orders which confirm the stipulations and agreements are as binding as are those which are entered by the court based upon its own determination after a full hearing. This is illustrated by *Cone*. Temporary expediency at the time of the entry of the decree of divorce often dictates the terms of the agreement including, but not limited to, the provisions in relation to child custody." 3 Ariz.App. at 141, 412 P.2d 480.

No question is raised as to the jurisdiction of the respondent court over the subject matter, the parties, or the entry of a modification order. The stipulation executed by the parties was an agreement which modified the child custody and support provisions of the dissolution decree. It violated no public policy of this state and, although not binding on the court, served a salutary purpose, i. e., the avoidance of delay, trouble, and expense. The requirements of A.R.S. § 25–339 and Rule VIII regarding the petition, which must be verified or supported by affidavits, and notice are clearly designed to apply to an adversary situation. The specifically prescribed procedure was established to enable the court to decide whether or not a hearing on the petition for modification should be held.

■ The modification order is akin to a consent judgment. In the absence of fraud, mistake, or collusion, a judgment by consent is binding and conclusive upon the parties to the same extent as a judgment

rendered upon controverted facts and due consideration thereof upon a contested trial. 47 Am.Jur.2d Judgments § 1089. Although the court commissioner could have rejected the parties' agreement if he found it not to be in the best interest of the child, he accepted it and modified the dissolution decree accordingly. Since compliance with A.R.S. § 25–339 and Rule VIII is not a jurisdictional prerequisite, the modification is not vulnerable to attack on such grounds.

The May 18, 1981 order of the respondent court, setting aside the November 18, 1980 order and directing petitioner to file a motion for modification or custody, is hereby vacated.

HATHAWAY, C. J., and BIRDSALL, J., concur.