NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JANINE MARIE MOTHERSHED, *Petitioner/Appellant*,

*v.*

WILLIAM RYAN GREENEN, JR., *Respondent/Appellee*.

No. 1 CA-CV 13-0686
FILED 12-30-14

Appeal from the Superior Court in Maricopa County
No. DR2001-090181
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

S. Alan Cook, PC, Phoenix
By S. Alan Cook
*Counsel for Petitioner/Appellant*

William Ryan Greenen, Jr., Mesa
*Respondent/Appellee Pro Se*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

_____

**H O W E**, Judge:

¶1        Janine Mothershed ("Mother") moved to modify child custody.  After an evidentiary hearing, the family court found that Mother had not met her burden of showing a change of circumstances affecting the welfare of the child ("the Child") and dismissed her petition.  She appeals that ruling, the court's refusal to admit statements of the paternal grandparents during the hearing, and the award of attorneys' fees to William Ryan Greenen, Jr. ("Father"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father were the Child's parents. In March 2006, the family court awarded them joint legal custody of Child, but Mother was awarded final decision-making authority on educational matters and Father was awarded final decision-making authority on medical matters. Moreover, if Father lived within fifteen miles of the Child's school, the parents would have equal parenting time; otherwise, Father would have parenting time every other weekend from after school on Friday until before school on Monday.

¶3        Father periodically relocated within and beyond the fifteen-mile range. In May 2012, after having been outside of the fifteen-mile range for at least the school year, Father moved within the fifteen-mile area and began to exercise equal parenting rights.

¶4        On May 7, 2012, Mother moved to modify custody and parenting time, seeking sole custody with supervised parenting time or no parenting time for Father. Mother alleged that Father had multiple drug charges, threatened to assault her, kept little food in his home, lived in an unsafe neighborhood, and would not allow Child to visit friends. Mother also alleged that Child's stepmother yelled at Child for eating too much and that Child was upset she had to carry clothes and books back and forth between the homes. Mother asserted that the Child's grades and mental status would suffer if Mother were not granted emergency custody.

¶5 At trial, Mother had revised her position. Mother sought joint legal custody with the right of final decision making and to be designated primary residential parent, with Father having parenting time alternate weekends. Mother also sought to admit into evidence written statements from the Child's paternal grandparents, but the family court sustained Father's objection on hearsay grounds.

¶6 After Mother rested her case, the court indicated that it did not believe Mother had met her burden of proof. Father moved for a directed verdict and the court granted the motion, dismissed Mother's petition, and ordered Father to submit an application and affidavit for an award of attorneys' fees.

¶7 The family court dismissed Mother's petition and awarded Father $4,710.31 in attorneys' fees and costs. Mother appealed after filing an unsuccessful motion for new trial.[1]

## DISCUSSION

**Dismissal of Mother's Petition**

¶8 Mother argues that the family court abused its discretion in dismissing her petition when she rested her case. Mother argues that her petition was not frivolous and that she presented a reasonable basis for the family court to grant modification.

¶9 The party seeking a change in legal decision-making or parenting time has the burden of proving a change in circumstances materially affecting the welfare of the child. *Hendricks v. Mortensen*, 153 Ariz. 241, 243, 735 P.2d 851, 853 (App. 1987); *Bailey v. Bailey*, 3 Ariz. App. 138, 141, 412 P.2d 480, 483 (1966). Changes in activities and environment are not a basis for modification unless shown to be detrimental to the child's welfare. *Davis v. Davis*, 78 Ariz. 174, 176, 277 P.2d 261, 263 (1954). The family court has broad discretion to determine if a change of circumstances exists and we will not reverse the court's determination absent a clear abuse of discretion. *Hendricks*, 153 Ariz. at 243, 735 P.2d at 853. In reviewing a directed verdict based on the insufficiency of the evidence in a bench trial, we may treat the ruling as a judgment on partial findings under Arizona Rule of Family Law Procedure ("A.R.F.L.P.") 82(c). *Johnson v. Pankratz*, 196

---

[1] Father did not file an answering brief in this case. Although we may treat his failure to do so as a confession of reversible error, we choose in our discretion to reach the merits of this case. *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994).

Ariz. 621, 626 ¶ 19, 2 P.3d 1266, 1271 (App. 2000) (reviewing court may treat directed verdict in bench trial as judgment on partial findings pursuant to Rule 52(c), analog to A.R.F.L.P 82(c)). Reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to upholding the ruling. *Id*. at 626 ¶ 20, 2 P.3d at 1271.

**¶10** Mother had the burden of demonstrating a change in circumstances materially affecting the welfare of the Child such that a modification of custody and parenting time would be in the Child's best interest. Mother argues that she presented sufficient evidence, based on her own testimony, the Conciliation Services' report, and the statements of the Child's paternal grandparents that the family court had excluded.

**¶11** Mother testified that the Child was always upset when she went to Father's home. She stated that Father could not financially support the Child so the Child had to take school clothes back and forth between the two homes. Mother testified that Father had limited food, restricted the Child's friends, and did not allow the Child to attend parties and sleepovers. Mother also testified that the Child had asthma and Father had ten German Shepherds, which required the Child to use her inhaler. Mother described the Child as a great student who actively participated in competitive gymnastics. Mother expressed concern that the Child's grades would suffer if Father had equal parenting time. Mother testified that she and the Child did various activities together, but that when at her Father's home, the Child watched movies. Mother claimed that the Child had a poor and distant relationship with her stepmother and was left with her stepmother at night because Father worked.

**¶12** Conciliation Services' report of its interview with the Child confirmed that the Child had a strong desire to stay with her Mother during the week and see Father on alternate weekends. The Child explained that she had to pack her things when she went to her Father's and that he did not allow her to attend sleepovers or birthday parties with her friends. The Child stated that yelling occurred at both her Father's and Mother's homes, but more at Father's.

**¶13** In the statements from the paternal grandparents that Mother sought to have admitted, the grandparents opined that Mother was better able to provide and care for the Child at that time. They confirmed that the Child had a poor relationship with her stepmother and that Father restricted food in his house and was not financially able to care for the Child.

**¶14** Mother's proffered evidence failed to demonstrate that circumstances had changed since the original custody and parenting order. Mother also did not establish that the alleged change of circumstances materially affected the Child's welfare. Mother's interests and the Child's wishes may be considered, but are not dispositive. *See Bailey*, 3 Ariz. App. at 141, 412 P.2d at 483. Although the Child would prefer to see Father on alternate weekends so that she could pack her clothes less often and could visit with her friends, that preference does not show a material effect on her welfare. Although Mother alleged that Father had limited food at his home, the record does not show that the Child is not being appropriately fed and nourished. Moreover, the Conciliation Services' report does not indicate that the Child is in distress or is negatively affected by halftime visitation. Mother's concern regarding the Child's grades is speculative because Mother presented no evidence that the Child's schoolwork has suffered. In fact, Mother acknowledged that the Child's grades were not adversely affected. Although Child's aggravated asthma from the dogs in Father's home is some evidence of a change in circumstances affecting the Child's welfare, Mother presented no corroborating evidence from a doctor. Moreover, Mother admitted that she had not even mentioned this concern in her petition. Because the family court has broad discretion in determining if a change of circumstances has occurred, we cannot find that the court abused its discretion in concluding that Mother had not met her burden. *Hendricks*, 153 Ariz. at 243, 735 P.2d at 853.

**Exclusion of Grandparents' Statements as Hearsay**

**¶15** Mother argues that the family court abused its discretion in refusing to admit into evidence the statements of the Child's paternal grandparents that supported Mother's request that she be made the primary residential parent.

**¶16** Under Rule 2, a party may require strict compliance with the rules of evidence by filing a notice to that effect at least forty-five days before trial. A.R.F.L.P. 2(B)(1). If no notice is filed, all relevant evidence is admissible. A.R.F.L.P. 2(B)(2). The family court may nevertheless exclude certain evidence:

> [The family court] shall exclude evidence if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay, waste of time, needless presentation of cumulative evidence, lack of reliability or failure to adequately and timely disclose same.

> This admissibility standard shall replace Rules 403, 602, 801-806, 901-903 and 1002-1005, Arizona Rules of Evidence.

A.R.F.L.P. 2(B)(2).

**¶17**   Neither party provided notice invoking strict compliance with the rules of evidence. A hearsay objection, however, concerns the reliability of the evidence, *see State v. Stotts*, 144 Ariz. 72, 81–82, 695 P.2d 1110, 1119–20 (1985), and under the rule the court may still exclude unreliable evidence. Hearsay evidence may be considered reliable where circumstances establish that it is trustworthy. *Brown v. Arizona Dep't of Real Estate*, 181 Ariz. 320, 328, 890 P.2d 615, 623 (App. 1995). We will not disturb the trial court's decision on the admissibility of evidence absent a clear abuse of discretion and resulting prejudice. *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506, 917 P.2d 222, 235 (1996). Even the improper exclusion of evidence is not grounds for reversal if its admission would not have changed the result. *Gasiorowski v. Hose*, 182 Ariz. 376, 382, 897 P.2d 678, 684 (App. 1994).

**¶18**   The statements Mother sought to have admitted were unsworn, unsigned, typewritten letters purportedly from Father's parents.[2] The family court acted within its discretion by finding the proffered statements unreliable. Although the letters stated the grandparents' opinions about the Child's best interests, the letters offered few facts not already presented to the family court. Thus, even if the letters had been admitted, they would have unlikely affected the family court's ruling. Accordingly, the family court did not abuse its discretion by excluding the proffered evidence.

**Attorneys' Fees**

**¶19**   Mother also contends that the family court erred by awarding Father attorneys' fees. We disagree.

**¶20**   The family court may, "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings," order one party to pay the other a reasonable amount for the costs and expenses of maintaining or defending

---

[2]  Although the documents were not admitted into evidence, they have been provided on appeal.

a dissolution or child custody proceeding. A.R.S. § 25–324.[3] The purpose of the statute is to provide a remedy for the party least able to pay. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 524 ¶ 13, 169 P.3d 111, 114 (App. 2007). Although the court must consider the parties' income and conduct, it need not find both a disparity of income and unreasonable conduct to order an award of fees. *Mangan v. Mangan*, 227 Ariz. 346, 353 ¶ 27 n.13, 258 P.3d 164, 171 n.13 (App. 2011). An objective standard applies in assessing the reasonableness of a party's position. *In re Marriage of Williams*, 219 Ariz. 546, 548–49 ¶ 10, 200 P.3d 1043, 1045–46 (App. 2008). Whether a party prevails in the proceeding is irrelevant to the determination of an award of attorneys' fees. *Breitbart-Napp v. Napp*, 216 Ariz. 74, 84 ¶ 39, 163 P.3d 1024, 1034 (App. 2007). We will not disturb the trial court's decision to award attorney's fees under A.R.S. § 25-324 absent an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592 ¶ 36, 250 P.3d 1213, 1221 (App. 2011).

**¶21** Mother first argues that the award of fees "appears to be outcome oriented," but provides no argument or facts on which she bases the claim. We therefore do not address it. *See Modular Systems Inc. v. Naisbitt*, 114 Ariz. 582, 587, 562 P.2d 1080, 1085 (App. 1977) (arguing only that court erred is not the same as arguing an issue, so the issue is deemed abandoned).

**¶22** Mother further objects to the award of attorneys' fees because Father did not provide a fee agreement to support the application. Mother offers no authority that the submission of a fee agreement is required. A party seeking an award of fees must establish an obligation to pay legal fees. *Lisa v. Strom*, 183 Ariz. 415, 419, 904 P.2d 1239, 1243 (App. 1995). Father's counsel submitted an affidavit stating that Father was being billed the firm's then-current billing rates and identifying those rates. Counsel further avowed that Father was billed monthly for services and provided the total of fees and costs incurred by Father. Attached to the affidavit were copies of the billing statements provided to Father showing fees and costs. The affidavit and its attachments sufficiently established that Father had incurred expenses in defending the action; submission of a fee agreement was not necessary.

---

[3] Father sought attorneys' fees pursuant to A.R.S. § 25-809(G). Because that section applies to maternity and paternity proceedings, it does not apply to this case. A.R.S. § 25-809(G) (pertaining to "proceedings under this article").

¶23        Mother also objects to certain specific billing entries. Mother objects to charges for file maintenance, noting that the charge varies from $25.00 per hour to $75.00 per hour. The different charges relate to the different rates for a secretary, $25.00, and a paralegal, $75.00. The billing statements show that file maintenance was performed monthly over five months, averaging less than an hour per month.  Mother argues that these charges represent impermissible administrative work, but offers no authority that the cost of such maintenance of a client's records is not recoverable. We find no abuse of discretion in the court's permitting recovery of these charges.

¶24        Mother also objects to an entry for August 3, 2012, that Mother argues lacks sufficient specificity. Counsel's affidavit must indicate the type of services provided. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (App. 1983). The entry states that counsel reviewed "Various police reports, letters, and other documentation received from Client." The entry provides sufficient information about the services rendered.

¶25        Mother argues that no financial records of either party were introduced into evidence and no testimony was presented regarding the financial conditions of the parties. Consequently, Mother argues, the court made no findings and could not have made a determination of the relative financial circumstances of the parties as required by A.R.S. § 25–324. Mother argues that the court therefore abused its discretion in awarding attorneys' fees and in failing to grant her motion for new trial on the issue of attorneys' fees.

¶26        When filing her child support modification petition, Mother also submitted a parent's worksheet for child support, which listed an estimated monthly gross income for Father of $2,000, and a monthly gross income for Mother of $2,500. Father directed the family court's attention to this information in his application for attorneys' fees. In addition, Mother testified that she believed that Father could not financially support the Child at that time, noting that he could not buy the Child school clothes and had limited food at his home. Under A.R.S. § 25–324, the court must consider the relative financial resources of the parties. *White-Nathan v. Nathan*, 181 Ariz. 112, 118, 888 P.2d 237, 243 (App. 1994). Although the information before the court did not provide exact data about the parties' finances, it did represent an acknowledgment by Mother that Father has fewer financial resources than she does. The court therefore had before it information from which it could conclude that a fee award to Father was appropriate.

¶27 Mother also argues that she should not be responsible for Father's attorneys' fees because her trial lawyer did an inadequate job. Mother's trial lawyer was her agent, he presented her case, and she is bound by his actions. *See Panzino v. City of Phoenix*, 196 Ariz. 442, 447 ¶ 16, 999 P.2d 198, 203 (2000); *Cahn v. Fisher*, 167 Ariz. 219, 221, 805 P.2d 1040, 1042 (App. 1990). Mother's disappointment in her attorney's performance does not change that she filed a petition and then failed to meet her burden to show a change in circumstances affecting Child's welfare. Nor does it change that Father, whom Mother admits has fewer financial resources than she does, was required to respond to the petition and litigate, incurring fees and expenses. Accordingly, we find no abuse of discretion in the family court's award of attorneys' fees to Father.

**CONCLUSION**

¶28 For the foregoing reason, the family court's ruling is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt