NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

KORRI WRIGHT, *Petitioner/Appellant*,

*v.*

BRIAN WRIGHT, *Respondent/Appellee*.

No. 1 CA-CV 17-0505 FC
FILED 5-3-2018

Appeal from the Superior Court in Yuma County
No. S1400DO201401453
The Honorable John P. Plante, Judge

**VACATED AND REMANDED**

COUNSEL

Torok Law Office P.L.L.C., Yuma
By Gregory T. Torok
*Counsel for Petitioner/Appellant*

Bleich Law Office P.C., Yuma
By Robert Bleich
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**J O N E S**, Judge:

**¶1**　　　　Korri Wright (Mother) appeals the family court's order denying her petition to relocate her four minor children (the Children) from Yuma to San Diego, California. For the following reasons, we vacate the order and remand for reconsideration consistent with this decision.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Mother and Brian Wright (Father) were married in 1999. They divorced in 2015 and share joint legal decision-making and equal parenting time with the Children. After the divorce, the youngest child, B.W., was diagnosed with a genetic disorder typically characterized by cognitive difficulties.

**¶3**　　　　In October 2016, Mother petitioned to relocate the Children to San Diego. Mother argued the move was appropriate because B.W. could obtain specialized treatment not available in Yuma and because the parties' San Diego-based extended family would be available for support. *See* Ariz. Rev. Stat. (A.R.S.) § 25-408(A).[1] Mother believed Father could choose to "reside in California and operate his truck washing business from San Diego," but agreed parenting time would need to be modified if Father remained in Yuma. Father objected to the relocation.

**¶4**　　　　After a four-day evidentiary hearing, the family court denied Mother's petition, finding she failed to prove that relocation would be in the Children's best interests. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2). *See In re Marriage of Dorman*, 198 Ariz. 298, 300-01, ¶ 4 (App. 2000) (concluding a family court order is appealable as a "special order after final judgment" if it raises an issue different than that raised in the underlying dissolution decree, affects the underlying decree, and resolves all issues raised in the

---

[1]　　　　Absent material changes from the relevant date, we cite a statute's current version.

petition, even if the order is modifiable) (citing *Cone v. Righetti*, 73 Ariz. 271, 275 (1952)).

## DISCUSSION

**¶5**     On appeal, Mother challenges the family court's best interests finding.  She argues the court erred by: (1) failing to consider that Father's treatment plan for B.W. offers a lesser-quality standard of care and contemplates travel to Phoenix that is contraindicated by his condition and the paucity of emergency medical services *en route*, and (2) placing undue emphasis upon Father's relationship with the Children.[2]  We review the court's decision on a relocation petition for an abuse of discretion and consider the application and interpretation of statutes *de novo*.  *Murray v. Murray*, 239 Ariz. 174, 176, ¶ 5 (App. 2016) (citing *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003), and *Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 7 (App. 2008)).

**¶6**     Where parents reside in Arizona and share joint legal decision-making authority or parenting time, one parent may relocate with the parents' common minor children over the other's objection only with court approval.  *See generally* A.R.S. § 25-408; *Vincent v. Nelson*, 238 Ariz. 150 (App. 2015).  The requesting party bears the burden of proving that relocation is in the children's best interests.  A.R.S. § 25-408(G).  In determining best interests, the court is required to consider "all relevant factors," including eighteen specific factors enumerated within A.R.S. §§ 25-403(A) and -408(I).  A.R.S. § 25-408(I).  "[W]hen the superior court holds a hearing on a request for relocation that necessarily implicates a change in parenting time or legal decision-making," the court must make specific findings of fact with regard to those factors.  *Murray*, 239 Ariz. at 177, ¶ 9 (citing *Owen*, 206 Ariz. at 421, ¶ 11).

**¶7**     The requirement for specific findings "exists not only to aid an appellant and the reviewing court, but also for a more compelling reason — that of aiding all parties and the family court in determining the best interests of the child or children both currently and in the future."  *Reid v. Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009) (citations omitted).  The failure to

---

[2]     In his answering brief, Father suggests this Court may affirm because Mother's relocation plan presumed "a court-mandated co-relocation of Father."  We agree with Mother that the record does not support this argument.

make the statutory findings constitutes error as a matter of law.[3] *Id.* at ¶ 20 (citing *In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5 (App. 2002)); *see also Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).

¶8        The family court here explained in a thoughtful manner the reasons why it believed relocation was not in the best interests of the Children, but its ruling does not reflect any findings regarding, or specific consideration of, the mandatory statutory factors. *See Hurd v. Hurd*, 223 Ariz. 48, 53-54, ¶¶ 25-26 (App. 2009) (finding significance, and error, in the absence of findings related to several factors enumerated in A.R.S. §§ 25-403(A) and -408(I), even where the evidence otherwise supported the relocation decision). This was error. Accordingly, we vacate the court's order and remand this matter for a determination supported by findings reflecting consideration of the statutory factors.

---

[3]        Although Father does not contest the adequacy of the court's findings and Mother proclaims disinterest in "the check list arithmetic of the trial court's findings concerning the statutory factors," we decline to find the issue waived. *See Reid*, 222 Ariz. at 209-10, ¶¶ 19-20 (noting no law "has created an unalterable rule mandating waiver in all instances" and finding mechanically applying waiver principles in this setting prevents development "of the baseline information required for future petitions involving a child or children's best interests"); *see also Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations.") (collecting cases). It nonetheless remains the Court's preference that issues regarding the adequacy of findings be raised first in the family court; "doing so . . . provide[s] that court with a simpler, more expedient opportunity to remedy its lack of findings and perhaps reconsider its decision." *Reid*, 222 Ariz. at 209, ¶ 19.

## CONCLUSION

¶9 The family court's order denying Mother's relocation petition is vacated, and the case is remanded to the family court for reconsideration. The court is directed to make specific findings on the record in regard to all factors relevant to Mother's relocation request, including but not limited to those set forth in A.R.S. §§ 25-403(A) and -408(I). We leave it to the court's discretion as to whether additional evidence or argument would be helpful. We otherwise offer no opinion as to the merits of the request.



AMY M. WOOD • Clerk of the Court
FILED: AA