IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KAMEN RAE MURRAY, *Petitioner/Appellant*,

*v.*

SEAN NOEL PATRICK MURRAY, *Respondent/Appellee*.

No. 1 CA-CV 15-0170 FC
FILED 2-4-2016

Appeal from the Superior Court in Yavapai County
No. V1300DO820080174
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*
The Honorable Mark M. Moore, Judge *Pro Tempore*

**AFFIRMED IN PART, VACATED IN PART, REMANDED IN PART**

COUNSEL

Law Offices of Stone & Davis, PC, Scottsdale
By Kiilu Davis
*Counsel for Petitioner/Appellant*

Aspey Watkins & Diesel, PLLC, Flagstaff
By Zachary J. Markham
*Counsel for Respondent/Appellee*

_____

**OPINION**

_____

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

_____

**J O H N S E N**, Judge:

**¶1**        We hold in this case that a statutory requirement under which a parent generally must wait a year to ask to change legal decision-making or parenting time applies to a request to relocate that implicates decision-making or parenting time.  We also hold that Arizona Rule of Evidence 408 does not preclude evidence of negotiations offered to prove a settlement.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        The dissolution decree of Kamen Rae Murray ("Mother") and Sean Noel Patrick Murray ("Father"), entered in 2009, awarded them joint custody of their children.  In January 2014, the court issued an order modifying parenting time.  Pursuant to that order, Mother and Father continued to share joint legal decision-making and Father's parenting time was increased to six days every two weeks.  The following month, after learning Mother intended to remarry and move with the children to Nebraska, Father filed a motion titled "Motion for Declaratory Relief; Alternatively, Motion to Prevent Relocation; Request for Attorney's Fees and Costs."  In August 2014, after briefing and oral argument, the superior court granted Father's motion, ruling Mother could not take the children to Nebraska.

**¶3**        Mother then filed a series of motions, including a "Motion for Clarification and/or Motion to Amend Under Advisement Ruling," an "Expedited Motion to Allow Petitioner's Witnesses to Appear Telephonically for the October 28 & 29, 2014 Trial," and a "Motion to Enforce Parties' Agreement."  The superior court denied Mother's motions and awarded Father a portion of his attorney's fees and costs.

¶4        Mother timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016).[1]

## DISCUSSION

### A.        Section 25-411 and Relocation.

¶5        Mother argues the superior court erred when it ruled she could not relocate the children to Nebraska.  In its order, the court agreed with Father that A.R.S. § 25-411(A) (2016) barred Mother from seeking to relocate within a year of the January 2014 parenting-time modification.  The court further found that, even if the one-year restriction did not apply, Mother had failed to prove relocation would serve the best interests of the children, pursuant to A.R.S. § 25-408(G), (I) (2016).  We review the superior court's orders concerning custody and relocation for an abuse of discretion.  *See Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003).  We construe statutes *de novo*.  *Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 7 (App. 2008)

¶6        Arizona statutes pertaining to legal decision-making and parenting time intersect with those pertaining to relocation.  Section 25-408 sets out the process by which the court may allow a parent who shares parenting time or legal decision-making to relocate the child.  *See generally Vincent v. Nelson*, 238 Ariz. 150 (App. 2015).  Pursuant to § 25-408(A), a parent who wants to move the child out of state or more than 100 miles within the state must give the other parent 45 days' written notice.  Under subpart (C) of the statute, the parent wishing to move may petition the court "to determine the appropriateness of a relocation that may adversely affect the other parent's legal decision-making or parenting time rights," or the other parent may file a petition to prevent relocation.  Upon filing of a petition by either parent,

> The court shall determine whether to allow the parent to relocate the child in accordance with the child's best interests.  The burden of proving what is in the child's best interests is on the parent who is seeking to relocate the child.

A.R.S. § 25-408(G).  Subpart (I) of § 25-408 further requires the court considering a relocation petition to take into account "all relevant factors" relating to the child's best interests, including "[t]he factors prescribed

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

under § 25-403."  The referenced provision, § 25-403, sets out the factors by which a court must determine legal decision-making and parenting time. A.R.S. § 25-403 (2016).

¶7          In turn, A.R.S. § 25-411 generally governs the process for modifying legal decision-making or parenting time.  It provides that in the ordinary case, a parent "shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after" a prior order setting legal decision-making or parenting time.  A.R.S. § 25-411(A).[2]

¶8          The superior court correctly concluded that Mother's proposed relocation of the children was subject to § 25-411(A)'s one-year waiting period after a modification of parenting time or legal decision-making before a parent may seek another change.  As a practical matter, Mother's intended move to Nebraska with the children necessarily would have required a change in the parenting-time arrangements established in January 2014.  The move also may have required a change in the legal decision-making arrangements established in the January 2014 order.  A parent ordinarily may not ask to change parenting time or legal decision-making within a year after a modification order; the same constraint applies when a parent seeks a relocation that necessarily will involve a change in parenting time or legal decision-making.

¶9          In *Owen*, we addressed a similar question regarding whether a court considering a relocation request under § 25-408 must make the detailed findings that § 25-403 requires in "contested custody" determinations.  206 Ariz. at 421, ¶ 9.[3]  We held that although § 25-408 makes no reference to findings of fact, such findings were required because the proposed relocation involved a "substantial change in physical

---

[2]          The exceptions include when there is evidence of domestic violence or other risk to the child's "physical, mental, moral or emotional health." A.R.S. § 25-411(A), (B), (D).  Domestic violence was not at issue in this case, and Mother did not argue that relocation was necessary to prevent risk to the children's "physical, mental, moral or emotional health."

[3]          *Owen* concerned § 25-403(J), which at the time stated, "In a contested custody case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child."  A.R.S. § 25-403(J) (2001).  The requirement for "specific findings" now is found in subpart (B).  *See* A.R.S. § 25-403(B) (2016).

custody." *Owen*, 206 Ariz. at 421, ¶ 11.  Although our statutes now refer to legal decision-making and parenting time, the same principles apply when a proposed relocation would affect those rights.  *See id.*; *In re Marriage of Diezsi*, 201 Ariz. 524, 525-26, ¶ 4 (App. 2002).  Under *Owen*, when the superior court holds a hearing on a request for relocation that necessarily implicates a change in parenting time or legal decision-making, the court must make the specific findings of fact required in cases of parenting time and legal decision-making under § 25-403.  By the same token, pursuant to § 25-411(A) and subject to stated exceptions not relevant here, a parent must wait a year after a modification of parenting time or legal decision-making to seek an order approving a contested relocation that would implicate a further change in decision-making or parenting time.[4]

¶10        Mother's plan to relocate involved moving the children from Arizona, where Father lives, to Nebraska, which necessarily would interfere with Father's parenting time and may have implicated legal decision-making.  Because less than a year had passed since the January 2014 order modifying parenting time and none of the exceptions in A.R.S. § 25-411(A) applied, the superior court correctly granted Father's motion to prevent the relocation.

## B.    Alleged Settlement Agreement.

¶11        Mother also argues the superior court erred in denying her motion to enforce an agreement to allow her to move the children to Nebraska that she contends she and Father reached while Father's motion to prevent relocation was under consideration.  With her motion, Mother presented numerous emails and text messages she argued evidenced the agreement.  In response, Father did not dispute that he had agreed to allow Mother to move the children to Nebraska, but argued he had not signed any such agreement and that, in any event, the court should disregard the purported agreement as contrary to the children's best interests.  The superior court ruled that under Arizona Rule of Evidence 408, it was "not inclined to consider" the out-of-court statements Mother offered to prove the agreement.  In any event, the court found, "The written agreement

---

[4]     This result is consistent with Arizona Rule of Family Law Procedure 91, which generally governs post-decree proceedings.  Subpart E of Rule 91 is titled "Petition to Relocate or Prevent Relocation."  Subpart D is titled "Petition to Modify Child Custody."  Subpart E(2) states that when there is a request to relocate that will change "legal custody," the parties must comply with subpart D, which in turn specifies that no petition to modify custody will be heard "unless there is compliance with A.R.S. § 25-411."

pertains to parenting time, legal decision-making, and child support and the Court in exercising its independent discretion pursuant to A.R.S. § 25-317, rejects the agreement."

¶12        Arizona Rule of Family Law Procedure 69 provides that an agreement between the parties "shall be valid and binding" if it is "in writing" or made on the record. Among the materials Mother submitted was an email from Father to his lawyer attaching a three-page single-spaced writing setting out terms by which "Mother will be allowed to relocate with the minor children to Nebraska after the end of the 2014-2015 school year." The writing specified parenting time, telephone access, child support, medical expenses, the costs of the children's extra-curricular school activities, tax exemptions and attorney fees. In his email forwarding the writing to his lawyer, Father wrote, "This is the reconciliation we hammered out . . . . If you would prep this into a submittable format and send me and her atty a copy so we can all thumbs-up before it is submitted." After Father's lawyer failed to respond to the email, Father emailed Mother the following: "He hasnt got back to me, but I made it very clear to go right ahead." In yet another later email to his lawyer complaining about the lawyer's delay, Father wrote, "I have twice indicated in phone messages over the last few weeks that my ex wife and myself are in agreement and have come to a mutually acceptable arrangement. . . . I am in agreement with its contents which I have read and understand."

¶13        As an initial matter, Father contends Rule 69 prevents enforcement of the agreement Mother alleges. We interpret Rule 69 consistent with Arizona Rule of Civil Procedure 80(d), which provides, "No agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes." *See* Ariz. R. Fam. Law P. 1 cmt. ("Wherever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules."). As applied here, and contrary to Father's contention, Rule 69 would not bar the court from finding that Father's writings constitute a written agreement enforceable under Rule 69.

¶14        The superior court erred by concluding the writings Mother offered could not be considered under Arizona Rule of Evidence 408. To the extent that Rule 408 applies to these proceedings, *see* Arizona Rule of Family Law Procedure 2(B), it does not prevent consideration of Mother's evidence to prove the parties reached an enforceable agreement.

¶15        Rule 408 provides as follows:

> (a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim . . . .
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Rule 408 prohibits the use of evidence of a compromise offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement[.]" It does not, however, prohibit evidence of a compromise offered for another reason. *Burris v. City of Phoenix*, 179 Ariz. 35, 42 (App. 1993); *DeForest v. DeForest*, 143 Ariz. 627, 633 (App. 1985); *Campbell v. Mahany*, 127 Ariz. 332, 334 (App. 1980).

**¶16** Mother did not offer Father's out-of-court statements in support of her contentions that the court should deny Father's motion to prevent relocation, or, more generally, that the factors in § 25-403 supported relocation. Instead, she offered Father's writings to prove the parties reached an agreement allowing her to take the children to Nebraska. Although Rule 408 disallows evidence of settlement negotiations offered to prove a claim, nothing in the rule bars such evidence offered to prove a settlement resolving a claim. *See Cyberco Holdings, Inc. v. Con-Way Transp. Servs., Inc.*, 159 P.3d 359, 367 (Or. App. 2007) (rule does not bar "evidence that, subsequent to the events giving rise to the claims at issue, the parties entered into an agreement that limited the scope of the claims or extinguished certain damages"); 23 Charles Alan Wright, Arthur R. Miller & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5314 (1st ed. 1980) (on claim for breach of a settlement, Rule 408 "does not prevent the plaintiff from proving the agreement").

**¶17** In denying Mother's motion to enforce the alleged settlement, the superior court also found the purported agreement would not be in the children's best interests. *See* A.R.S. § 25-317(B) (excepting agreements concerning custody or parenting time from general rule that agreements between parties to dissolution are binding unless unfair); Ariz. R. Fam. Law

P. 69(B) (court may exercise "its independent discretion pursuant to A.R.S. § 25-317" in considering otherwise valid and binding agreement); *Anderson v. Anderson*, 14 Ariz. App. 195, 198 (1971) ("The court, independent of any stipulation or agreement of the parties, must be convinced that the best interests and welfare of the minor children will be advanced by the award.").

¶18      The court made its best-interests finding, however, without taking any evidence.  When the question of a child's best interests presents a disputed issue of fact, the court must allow the parties to present evidence before it makes its finding.  *See Volk v. Brame*, 235 Ariz. 462, 466, ¶ 14 (App. 2014) (due process requires court to hear testimony when making a finding that hinges on credibility).  In urging the superior court not to enforce the agreement, Father argued the court already had found that relocation would not be in the children's best interests.  That finding of fact – the court's alternative basis for granting Father's motion to prevent relocation – was based solely on the parties' motion papers and argument of counsel; the court canceled an evidentiary hearing on the matter and ultimately ruled without taking evidence. See *supra* ¶ 5.  But argument is not evidence, and when contested, a best-interests finding must be based on evidence, not argument.

¶19      For these reasons, we vacate the superior court's order denying Mother's motion to enforce an alleged agreement allowing her to move the children to Nebraska.  On remand, the court may consider whether Father agreed in writing to the relocation and, if it finds such an agreement and after hearing such evidence as it deems appropriate, the court may determine whether relocation would be in the children's best interests.[5]

## C.      Attorney's Fees and Costs.

¶20      Mother finally argues the superior court erred in awarding Father his attorney's fees without considering the parties' respective

---

[5]      Mother argues that even though it rejected the settlement agreement, the superior court should have granted her relief under principles of promissory estoppel.  She offers no support, however, for the proposition that promissory estoppel might render enforceable a parenting-time agreement that the court has declined to approve for failure to comply with Rule 69.

financial resources.[6] We review an award of attorney's fees for an abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004). Section 25-324 allows the court to award reasonable fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings[.]" A.R.S. § 25-324(A) (2016).

**¶21** In making its fees award, the superior court made no finding as to the reasonableness of the parties' respective positions and, as Mother points out, it had no evidence of their respective financial resources. Accordingly, we vacate the award of attorney's fees.

**¶22** Both Mother and Father request attorney's fees incurred on appeal. In light of the absence of information regarding the parties' respective financial status, we decline to award either party fees on appeal. On remand, the superior court may determine whether to award either party attorney's fees incurred during this appeal.

---

[6] Mother argues the superior court was required to make specific findings as to the parties' respective financial resources before awarding fees. As A.R.S. § 25-324(A) (2016) makes clear, however, findings are not required in the absence of a request. *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 10 (App. 2014). Because Mother did not ask for specific findings pursuant to § 25-324(A), the court was not required to make them.

## CONCLUSION

**¶23** For the foregoing reasons, we affirm the superior court's order granting Father's motion to prevent relocation but vacate and remand its ruling denying Mother's motion to enforce the purported settlement agreement. We also vacate and remand the superior court's order awarding Father's attorney's fees under A.R.S. § 25-324.



Ruth A. Willingham · Clerk of the Court
FILED: ama