NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re the Marriage of:*

TY WILTBANK, *Petitioner/Appellee,*

*v.*

JANELLE WILTBANK, *Respondent/Appellant.*

No. 1 CA-CV 20-0213 FC
FILED 8-10-2021

Appeal from the Superior Court in Maricopa County
No. FC2005-091560
The Honorable Adele Ponce, Judge

**AFFIRMED**

COUNSEL

Ty Wiltbank, Southhaven, MS
*Petitioner/Appellee*

Janelle Wiltbank, Queen Creek
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Brian Y. Furuya joined.

_____

**C A T T A N I**, Chief Judge:

¶1             Janelle Smith ("Mother") appeals the superior court's order granting a request by Ty Wiltbank ("Father") that he be permitted to relocate with their minor children to Mississippi.  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2             The parties divorced in 2005 and have four children, two of whom (A.W. and J.W.) were minors at the time of the relocation proceedings.  A.W. turned eighteen during the pendency of this appeal.

¶3             Under a 2016 parenting time order, Father was named the primary residential parent of the children.  At that time, he lived in Arizona with the children, his new wife, and the children's step- and half-siblings. Mother also lived in Arizona with her new husband and their son until they moved to Georgia in late 2017.  The parenting time order stated that neither parent could relocate with the children to another state without the other parent's permission or a court order.

¶4             In April 2019, Father sent Mother written notice of his intent to relocate to Mississippi with A.W. and J.W.  In May 2019, Mother filed an objection to Father's notice of intent to relocate.  Mother then moved back to Arizona.

¶5             In June 2019, Father formally petitioned to modify the parenting time orders based on his intent "to relocate to Mississippi as mandated by his current employer."  By that time, Father had already moved with the children to Mississippi. Mother objected to relocation. The superior court scheduled an evidentiary hearing and ordered that Conciliation Services interview the children.  After the hearing, the court granted Father's petition to relocate.  Mother timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

**DISCUSSION**

**¶6**      Mother argues that the superior court erred by granting Father's relocation request, asserting both that Father failed to provide the requisite notice before moving and that relocation was not in the children's best interests.  We review the superior court's relocation decision for an abuse of discretion.  *Murray v. Murray*, 239 Ariz. 174, 176, ¶ 5 (App. 2016).  We do not reweigh the evidence on appeal, and we will affirm the superior court's ruling if substantial evidence supports it.  *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

## I.      Notice and Timing of Relocation.

**¶7**      Mother argues that the court erred by authorizing relocation because Father had moved *before* securing a court order (or Mother's consent) as required by the parenting time order[1] and because he failed to provide her the notice of intent to relocate required by A.R.S. § 25-408(A).

**¶8**      Under § 25-408(A), if both parents are entitled to joint legal decision-making or parenting time *and both parents reside in the state*, a parent seeking to relocate a child out of state must provide the other parent at least 45-days' advance written notice.  Arizona courts generally treat the statutory "term 'residence' as carrying the same connotations as the term 'domicile.'"  *St. Joseph's Hosp. & Med. Ctr. v. Maricopa Cnty.*, 142 Ariz. 94, 99 (1984).  Domicile requires actual physical presence and an intent to remain.  *Ariz. Bd. of Regents v. Harper*, 108 Ariz. 223, 228 (1972).  A person may have only one domicile at a time.  *Id.*

**¶9**      When Father notified Mother of his intent to relocate, Mother was living in Georgia.  Although Mother argues she was still "residing" in Arizona because she owned a home in Arizona and only intended to live in Georgia temporarily, Mother was not physically present in Arizona and had not resided in Arizona since moving to Georgia in 2017.  While Mother moved back to Arizona thereafter, the notice requirements in § 25-408(A) did not apply because both parents did not reside in Arizona at that time.

---

[1]      Mother argues that Father cannot rely on § 25-408(F)(1) to justify premature relocation because his employer did not require the move.  *See* A.R.S. § 25-408(F)(1) (authorizing temporary relocation pending a final determination if "required by circumstances of . . . employment").  Because Father did not assert in superior court that § 25-408(F)(1) justified his actions, we do not address this argument.

¶10　　　Moreover, even assuming the court had discretion to impose sanctions under § 25-408 or otherwise for Father's failure to comply with a parenting time order, *see Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152, ¶ 37 (App. 2009) (recognizing "[a] court's inherent authority to sanction parties for failing to comply with its orders"), the children's best interests are paramount in determining what type of sanctions, if any, were warranted. *See* A.R.S. § 25-408(B); *Hays v. Gama*, 205 Ariz. 99, 102, ¶¶ 17–18 (2003). And here, the superior court found that ordering a return to Arizona would not be in the children's best interests, which supports the court's decision declining to order that the children be returned to Arizona as a sanction for Father's failure to follow the parenting time order.

## II.　　Best Interests.

¶11　　　Mother argues the superior court abused its discretion in weighing the relocation and best-interests factors and, ultimately, by authorizing relocation. The court must determine whether to permit relocation "in accordance with the child's best interests." A.R.S. § 25-408(G). Best interests in this context requires consideration of all the relevant factors set forth in A.R.S. § 25-408(I), which also includes the generally applicable best-interests factors of § 25-403(A). The parent seeking relocation has the burden of establishing that it is in the children's best interests. A.R.S. § 25-408(G).

¶12　　　Mother argues that relocation was not in the children's best interests, pointing to evidence that: (1) Father thwarted her attempts to communicate with or visit the children; (2) Father made unilateral decisions regarding one child's mental-health treatment; (3) the children were not well adjusted in the home, school, and community; and (4) there was a 2009 substantiated report that Father had physically disciplined J.W. *See, e.g.*, A.R.S. §§ 25-403(A)(3), (5)–(6), (8), -403.03, -408(I)(3)–(6). But the superior court considered these concerns and nevertheless concluded that other evidence supported a best-interests finding. Both parents had a strained relationship with A.W. (who had mental-health and substance-abuse issues). And evidence showed that Mother may have permitted the children to use drugs, contributing to the substance abuse. In addition, Father had been the primary caregiver since 2016, and Mother had not regularly seen the children since moving to Georgia in 2017. And although J.W. was having difficulty adjusting to school, he had improved after getting services for dyslexia (for the first time) in Mississippi. And finally, the court considered the 2009 report regarding J.W. but also acknowledged Father and J.W. had a positive relationship as of the date of the hearing.

**¶13** Mother also contends that because the court lacked evidence comparing the children's lifestyle in Arizona with that in Mississippi, Father did not meet his burden of showing relocation was in their best interests. There was, however, evidence relevant to this factor. A.W.'s mental-health and substance-abuse issues predated the move to Mississippi, suggesting there was no change in the child's lifestyle. Other evidence showed a positive change—J.W. had done well in school since moving to Mississippi.

**¶14** Accordingly, the superior court did not abuse its discretion in finding that relocation was in the children's best interests. *See Hurd*, 223 Ariz. at 52, ¶ 16 ("Even though conflicting evidence may exist, we affirm the trial court's ruling if substantial evidence supports it.").

## CONCLUSION

**¶15** The superior court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA