NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NAIM BABIKER ALI, *Petitioner/Appellant,*

*v.*

NADA HUSAN GISM ELSIED, *Respondent/Appellee.*

No. 1 CA-CV 21-0149 FC

FILED 11-30-2021

Appeal from the Superior Court in Maricopa County
No. FC 2015-007296
The Honorable Monica Edelstein, Judge

**AFFIRMED IN PART; REVERSED IN PART; VACATED AND
REMANDED IN PART**

COUNSEL

Cosmas Onyia Esq., Phoenix
By Cosmas Onyia
*Counsel for Petitioner/Appellant*

Nada Husan Gism Elsied, Des Moines, IA
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1        Naim Babiker Ali ("Father") appeals the superior court's order naming Nada Husan Gism Elsied ("Mother") the primary residential parent, approving relocation of their children to Iowa, and awarding Mother joint legal decision-making with tie-breaking authority. Father argues the record does not support the court's orders. For the following reasons, we (1) affirm joint legal decision-making; (2) reverse the relocation, primary residential parent, and tie-breaking authority rulings; (3) vacate the parenting time decision; and (4) remand for further proceedings.

**BACKGROUND**

¶2        Mother and Father never married; they have two minor children, born in 2012 and 2013. Around May 2015, Mother moved with the children to Illinois. Shortly after, Father filed a petition in Arizona to establish paternity, parenting time, legal decision-making, and child support. Mother contested Father's petition, alleging domestic violence and seeking sole legal decision-making and parenting time.

¶3        The superior court ordered Mother to return the children to Arizona by September 6, 2016, the same day trial on the petition was scheduled. Mother did not comply and failed to appear at trial. Finding Mother's absence was without good cause, the superior court proceeded without her. After taking testimony from Father, the court designated him as the primary residential parent and awarded him sole legal decision-making. The court granted Mother parenting time, to be held in Illinois. Again, the court ordered Mother to return the children to Arizona.

¶4        Despite the court's order, Mother did not comply. Around the same time, she moved to Iowa with the children. Father then filed an emergency petition to enforce the custody order. The court granted the order and suspended Mother's parenting time. Mother and Father both appeared at a status conference in December 2016. The court ordered

Mother to turn the children over to Father no later than 6:00 p.m., and Mother finally complied.

**¶5** In December 2017, Father requested emergency orders and petitioned to limit the location of Mother's parenting time to Arizona. Because he did not know where Mother currently lived, Father was concerned she would not return the children after winter break. The court granted the emergency request, and after a full hearing the court granted Father's petition.

**¶6** In July 2020, Mother petitioned to modify parenting time and legal decision-making, and asked the superior court to approve relocating the children to live primarily with her in Iowa. At trial in January 2021, Mother withdrew her petition to relocate the children and become the primary residential parent, requesting only that the location restriction on her parenting time be lifted and that she be awarded joint legal decision-making. Mother then testified in part that Father had interfered with her scheduled parenting time in Arizona. Father testified that, among other things, Mother did not take good care of the children and that she would not return the children to Arizona if granted parenting time in Iowa.

**¶7** Notwithstanding Mother's withdrawal of her relocation request, the court granted it, explaining that the children would need their Mother as they enter adolescence, but that Father would not allow a relationship without court intervention. The court ordered that Father would continue to be the children's primary residential parent through the remainder of the current school year and that the children would relocate to Iowa by July 30, 2021, with Mother then becoming the primary residential parent. The court also awarded Mother joint legal decision-making and gave her tie-breaking authority. Father timely appealed and we have jurisdiction pursuant to A.R.S. § 12-210l(A)(2).

## DISCUSSION

**¶8** Father argues the record does not support the superior court's decisions approving relocation, modifying parenting time, and awarding joint legal decision-making. We review those decisions for an abuse of discretion. *Baker v. Meyer,* 237 Ariz. 112, 116, ¶ 10 (App. 2015); *Murray v. Murray,* 239 Ariz. 174, 176, ¶ 5 (App. 2016). We view the evidence in the light most favorable to upholding an order and will affirm if the order is supported by reasonable evidence. *See Vincent v. Nelson,* 238 Ariz. 150, 155, ¶ 17 (App. 2015). When considering a petition to modify legal decision-making and parenting time, the superior court engages in a two-step

analysis by determining (1) whether a change in circumstances occurred that materially affects the child's welfare, and, if so, (2) whether modification is in the child's best interests. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013) (citation omitted).

**¶9** In determining the child's best interests, the court is required to consider 11 factors "relevant to the child's physical and emotional well-being." A.R.S. § 25-403(A). Additionally, when a parent requests a relocation of the children, "[t]he relocation statute, A.R.S. § 25-408, requires a court to consider the § 25-403 factors as well as seven additional factors specific to whether relocation is in the child's best interests." *Layne v. LaBianca in & for County of Maricopa*, 249 Ariz. 301, 303, ¶ 6 (App. 2020). "When deciding a relocation issue that implicates a change in parenting time, the court must determine whether relocation would serve the child's best interests by considering and making specific findings with respect to all relevant factors, including those set forth in § 25-408(I)." *Berrier v. Rountree*, 245 Ariz. 604, 606, ¶ 9 (App. 2018).

### A.   Relocation and Parenting Time

**¶10** The superior court found a material change in circumstances based on the children's ages and the "need to have their Mother directly involved/present in their lives during this critical stage and as they mature." After considering both A.R.S. § 25-403(A) and § 25-408(I), the court found that it was in the children's best interests to relocate to Iowa with Mother.[1] The court explained that the children would benefit if allowed to repair their relationship with Mother, but Father would not allow this unless compelled by court order.

**¶11** Father contends the court erred in finding a material change in circumstances, asserting the record does not support the court's underlying factual finding that the children are now at an age where they would benefit from a relationship with Mother. But Father does not support his position with argument, legal authority, or citations to the record, and thus he has waived the issue. *MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) (holding that merely mentioning issues in the

---

[1] Father also argues that the court erred by not making specific findings under the seven additional relocation factors in § 25-408(I). *See Berrier*, 245 Ariz. at 606, ¶ 9. Because we conclude the court erred by issuing a relocation order, we need not address this issue.

opening brief is not enough, and the failure to develop the argument or cite authority constitutes waiver).

¶12        Father argues the record does not support the court's conclusion that relocation was in the children's best interests. We agree. At trial, Mother unequivocally withdrew her requests to relocate the children and become their primary residential parent. At trial she explained that she only sought a return to the prior order so she could enjoy parenting time in her own state. In response, Father informed the court he would not be presenting evidence on the relocation issue. Thus, the record is clear that Mother no longer had any intention of relocating the children to Iowa. *See Owen v. Blackhawk*, 206 Ariz. 418, 422, ¶ 16 (App. 2003) (finding the court abused its discretion when changing the designation of the primary residential parent, when such a change had not been requested). Moreover, the court found that Father had not committed domestic violence against Mother, and nothing in the record suggests the children would be in danger if left in the primary care of Father. In her answering brief, Mother argues it is in the children's best interests to stay with her. She does not dispute, however, that she withdrew her relocation and primary residential parent requests at trial.

¶13        Because reasonable evidence does not support the court's finding that relocation was in the best interests of the children, we reverse that portion of the order, as well as the court's decision to name Mother as primary residential parent. As a result, we vacate the court's parenting time decision, and remand for further proceedings consistent with this decision, including recalculation of child support if necessary.

## B.        Legal-Decision Making

¶14        The superior court also awarded Mother joint legal decision-making with tie-breaking authority. As relevant here, the court found that Mother was able to provide appropriate care for the children while they were with her in Illinois, and is currently actively involved in the children's education. Additionally, the court found that "Father seems unwilling to co-parent with Mother or make an attempt to allow Mother any contact with the Children that is not specifically Court ordered," and that "Mother is more likely to allow the Children to have frequent, meaningful, and continued contact with Father."

¶15        Father argues the record does not support the legal decision-making award, asserting the court erred in its analysis of the § 25-403(A) best interests factors. Father contends the court erred by relying on a court

advisor's report submitted at the September 2016 trial. He notes the advisor was discharged from the case long before the 2021 trial, and that the report was never officially entered into evidence at that trial. However, the document referenced was part of the record, and it was within the court's discretion to consider it.

¶16 Father also argues that no evidence suggests that he has been unable to meet the children's needs, and that Mother approved of his parenting, testifying during trial that "Father is doing a good job with helping the children succeed in school." He also references Mother's previous noncompliance with the parenting plan and mental health issues. But the court considered these issues and weighed the evidence when making its ruling. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) ("Our duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence."). Moreover, Father does not dispute the court's finding that he is unwilling to co-parent with Mother. Thus, reasonable evidence supports the court's decision to award joint legal decision-making.

¶17 Finally, we note that the court also awarded Mother tie-breaking authority even though in her petition she specifically asked for joint-decision making with no tie-breaking authority to either party. Nor did she ask for such authority at trial. Again, the court awarded Mother a privilege she did not request. Moreover, given that we are reversing on the relocation and primary residential parent issues, granting Mother tie-breaking authority may no longer be practical. Thus, we reverse the portion of the order addressing tie-breaking authority.

## CONCLUSION

¶18 We affirm the court's decision on joint legal decision-making, but we reverse the court's orders regarding relocation and assignment of Mother as primary residential parent for the children. Because Mother withdrew those requests at trial, they were not properly at issue as part of this specific petition. We also reverse the court's ruling that gave Mother tie-breaking authority. We vacate the court's decision governing parenting time and remand for reconsideration of that issue and ancillary matters consistent herewith.