NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KELLY ELIZABETH HAGAN, *Petitioner/Appellee,*

*v.*

JOSHUA PRYOR, *Respondent/Appellant.*

No. 1 CA-CV 23-0656 FC
FILED 4-18-2024

Appeal from the Superior Court in Maricopa County
No. FC2019-070326
No. FC2019-072093
(Consolidated)
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

COUNSEL

Kelly Elizabeth Hagan, Buckeye, AZ
*Petitioner/Appellee*

Joshua Pryor, St. Augustine, FL
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

_____

**P A T O N**, Judge:

¶1        Joshua Pryor ("Father") challenges the superior court's ruling denying his request to relocate his three children with Kelly Elizabeth Hagan ("Mother") to Florida.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother petitioned to dissolve the parties' marriage in 2019. Both parties lived in Arizona at that time.  In May 2020, the superior court entered a consent decree under which the parties received joint legal decision-making authority and "essentially equal" parenting time with their three children in common.  Approximately one year later, the court entered modified orders that initially granted Father supervised parenting time but included opportunities to receive and increase unsupervised parenting time.

¶3        In April 2023, Father petitioned to modify legal decision-making authority, parenting time, and child support.  He requested sole legal decision-making authority and that Mother receive only supervised parenting time, alleging that she and her current husband had committed domestic violence in front of the children.  Father also filed a relocation request because he intended to move to Florida and wanted to take the children with him.

¶4        In September 2023, the superior court held an evidentiary hearing on Father's petition and relocation request.  Father did not provide a transcript of this evidentiary hearing on appeal.  In April 2023, the court found that Father's pending move to Florida "would make the current orders unworkable[.]" It denied his relocation request but granted him unsupervised parenting time for most school breaks, including summer break.

¶5        Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

**¶6** Father challenges the superior court's denial of his relocation request. Mother did not file an answering brief. While the failure to file an answering brief usually constitutes a confession of reversible error on debatable issues, we decline to treat it as such because the children's best interests are at issue. *See In re Marriage of Dieszi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002).

**¶7** "Any change in residence outside Arizona is necessarily a relocation." *Woyton v. Ward*, 247 Ariz. 529, 533, ¶ 11 (App. 2019). Father bears the burden to show relocation is in the children's best interests. *See Murray v. Murray*, 239 Ariz. 174, 176, ¶ 6 (App. 2016).

**¶8** In a contested relocation case, "[t]he [superior] court shall determine whether to allow [a] parent to relocate the child in accordance with the child's best interests." A.R.S. § 25-408(G). The court must consider all relevant relocation factors, including those outlined in Section 25-408(I). A.R.S. § 25-408(I); *see also Woyton*, 247 Ariz. at 532, ¶ 9. The superior court's ruling reflects its consideration of these factors. We therefore review it for an abuse of discretion. *Murray*, 239 Ariz. at 176, ¶ 5.

**¶9** Father asks us to "relook at the findings in this case," contending he proved "there is continued frequent domestic violence between Mother and her husband and child abuse has been committed by her husband." He also contends relocation would move the children closer to "all of their other family members" and that the schools in Florida are superior to those in Arizona. He cites no record evidence to support any of these contentions. *See* Ariz. R. Civ. App. P. 13(a)(4), (5) (statement of facts must include "appropriate references to the record"). And he did not provide a transcript of the evidentiary hearing on his petition to modify and relocation request. *See* Ariz. R. Civ. App. P. 11(c)(1)(A) ("The appellant must order transcripts of superior court proceedings not already in the official record that the appellant deems necessary for proper consideration of the issues on appeal."). Absent transcripts, we presume the evidence presented supported the superior court's findings. *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010). And based on our review of the available record evidence—including the superior court's detailed analysis of the Section 25-408 relocation factors and the Parenting Conference/Statutory Report with Relocation Factors prepared by the court-appointed conciliator—Father has not shown that the court abused its discretion.

**CONCLUSION**

¶10        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA