NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NICHOLE KENT, *Petitioner/Appellant,*

*v.*

MICHAEL KENT, *Respondent/Appellee.*

No. 1 CA-CV 24-0535 FC

FILED 02-25-2025

Appeal from the Superior Court in Maricopa County
No.  FN2022-093824
The Honorable Lisa Stelly Wahlin, Judge

**VACATED AND REMANDED**

COUNSEL

Nichole Kent, Queen Creek
*Petitioner/Appellant*

Ellsworth Family Law PC, Mesa
By Stephen M. Ellsworth, Glenn D. Halterman
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

---

**C A T L E T T**, Judge:

¶1        Nichole Kent ("Wife") appeals an award of attorney fees to Michael Kent ("Husband"). Wife argues the superior court erred in omitting specific findings explaining the award. Because Wife requested specific findings, which the superior court did not provide, we vacate the judgment awarding Husband attorney fees and remand for the court to make specific findings.

**FACTS AND PROCEDURAL HISTORY**

¶2        Wife petitioned to dissolve her marriage to Husband and then requested "findings of fact and conclusions of law" regarding "all evidentiary hearings[.]"

¶3        Husband argued the couple had a prenuptial agreement, which the superior court enforced in a minute entry with finality language under Arizona Rule of Family Law Procedure 78(c). Husband moved to amend the ruling to award him attorney fees; similarly, Wife moved to amend or clarify the ruling to award her attorney fees. The court granted Wife's motion to clarify, but it did so to clarify that it was denying Wife's fee request. The court also amended the prior minute entry to strike the Rule 78(c) language and instead add Rule 78(b) language. Wife filed an appeal, which this court dismissed because the minute entry, even with Rule 78(b) language, was not appealable.

¶4        Meanwhile, the superior court granted Husband's motion to amend, awarded him attorney fees, and ordered him to detail the amount of fees sought. When Husband gave that detail, Wife objected and requested "specific findings of fact on each issue presented as arguments for or against attorney fees." The court then entered a judgment, without any finality language, awarding Husband $7,330.00 in fees. The court did not give specific findings explaining that award.

**¶5**		The court then entered a decree of dissolution.  Wife moved to set aside the decree, again pointing out that the court did not provide specific findings explaining its fee award.  The court denied Wife's motion.  Wife timely appealed; we have jurisdiction.  *See* A.R.S. § 12-2101(A).

## DISCUSSION

**¶6**		Wife argues the court erred by not including specific findings when awarding attorney fees to Husband and then not remedying that oversight when Wife pointed it out.  We review the denial of a motion to set aside a judgment for an abuse of discretion.  *Quijada v. Quijada*, 246 Ariz. 217, 220 ¶ 7 (App. 2019).

**¶7**		The superior court may award attorney fees in dissolution proceedings "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout[.]"  A.R.S. § 25-324(A).  "On request . . . the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions."  *Id.*

**¶8**		Here, the court never made specific findings explaining why it awarded Husband attorney fees.  Failing to do so was impermissible because Wife repeatedly requested specific findings.  She did so under Rule 82(a) before the first evidentiary hearing.  She did so in her response to Husband's application for attorney fees.  And she did so a third time in her motion to set aside the divorce decree.

**¶9**		The court erred by not making specific findings when requested.  *See* A.R.S. § 25-324(A); *Murray v. Murray*, 239 Ariz. 174, 179 ¶ 21 (App. 2016) (vacating an attorney fee award because the court "made no finding[s]").  The court also erred by refusing to set aside the attorney fee award when Wife pointed out the court's oversight.  *See* Ariz. R. Fam. Law P. 85(a) ("A court must correct . . . a mistake arising from oversight or omission if one is found in a judgment.").

## ATTORNEY FEES AND COSTS

**¶10**		Both Wife and Husband request attorney fees and costs on appeal.  We deny Husband's request because he is not the successful party on appeal.  We also deny Wife's request because she does not cite a statutory basis for an award.  Ariz. R. Civ. App. P. 21(a)(2).  But, as the successful party on appeal, we award Wife costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶11**      We vacate the superior court's judgment awarding attorney fees to Husband and remand for the court to make the specific findings required under § 25-324(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR