NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RICHARD A. HERNANDEZ, *Petitioner/Appellant*,

*v.*

ANGELA M. NUNEZ, *Respondent/Appellee*.

No. 1 CA-CV 25-0818 FC

FILED 06-02-2026

Appeal from the Superior Court in Yuma County
No. S1400DO202300966
The Honorable Mark Wayne Reeves, Judge
The Honorable Levi Gunderson, Judge *Pro Tempore*

**VACATED**

APPEARANCES

Richard Hernandez, Yuma
*Petitioner/Appellant*

Angela Nunez, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S**, Judge:

¶1 Richard Hernandez ("Father") appeals the superior court's relocation order and modification of parenting time. For the following reasons, we vacate the court's order.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Father and Angela Nunez ("Mother") never married but have one minor child ("Child") in common. In October 2023, Father petitioned the superior court to establish paternity and determine legal decision-making authority and parenting time. The court held an evidentiary hearing in January 2024, issued "Interim Orders," and took the matter under advisement. In March, the court issued its written order and awarded the parties joint legal decision-making authority, designated Mother the residential custodial parent, and awarded Father parenting time every other week from Thursday to Monday.

¶3 At the time, Child and both parents lived in Yuma. But Mother stated at the evidentiary hearing she was contemplating moving to Phoenix. Between the evidentiary hearing and the court's March order, Mother filed a notice of her intent to relocate Child to Phoenix claiming better employment options were available to her there. In May 2024, the court held another evidentiary hearing, this time to address Mother's relocation request, which the court denied.

¶4 In August 2024, Mother filed another notice of intent to relocate Child to Phoenix. Father responded by filing a motion for contempt, alleging Mother had unilaterally relocated with Child to Phoenix before obtaining the court's permission and that Mother's notice of intent to relocate was filed before the no "earlier than one year" condition set forth in A.R.S. § 25-411(A).

¶5 In December 2024, the superior court held a hearing on Father's contempt motion at which Mother told the court that she "did a temporary relocation" to Phoenix for better employment. The court scolded

Mother for moving without seeking the court's permission but stated it would set a future hearing if Mother filed a motion for relocation. The court also stated that the parties' current parenting time order was based on them both living in Yuma, and that Mother's relocation would necessitate a change in parenting time.

**¶6** Mother filed her motion for relocation one week later. In February 2025, the court held a hearing on Mother's motion. In April 2025, the court issued a written order granting Mother's relocation request. The court also reduced Father's parenting time to every other week from Friday to Sunday.

**¶7** Father moved the superior court to reconsider, which the court denied. Father then moved the court for relief from judgment under Arizona Rule of Family Law Procedure ("Rule") 85. In his Rule 85 motion, Father argued, in relevant part, that the court should not have considered Mother's relocation request because she filed it within one year of the prior parenting time order contrary to the provisions of A.R.S. § 25-411(A). Before the court ruled on Father's Rule 85 motion, however, the judicial officer recused himself based on a conflict involving Father's newly hired attorney and the case was reassigned to a second judicial officer. The newly assigned judicial officer then denied Father's Rule 85 motion, reasoning that the one-year waiting period in A.R.S. § 25-411(A) "is not an absolute bar" and that the first judicial officer had "given [Mother] leave to refile any motion for relocation at a later time."

**¶8** Father then moved the superior court for relief from judgment under Rule 83, again arguing that the court should not have heard Mother's motion sooner than one year from the March 2024 parenting time order. The court denied Father's Rule 83 motion.

**¶9** Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10** Mother failed to file an answering brief, which we may treat as a concession of error. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980). However, because this case involves a child's best interests, we will not assume a concession of error and instead address the merits of Father's appeal. *See id.*; *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003).

**¶11** Father argues the superior court erred by granting Mother's relocation motion because she filed it within one year of the initial

parenting time order. We review relocation orders for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 176, ¶ 5 (App. 2016). A court abuses its discretion if it makes an error of law. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455–56 (1982).

**¶12** Under Arizona law, "[a] person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless . . . there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health," domestic violence has occurred, or the moving parent is claiming the nonmoving parent has not complied with the order after six months. A.R.S. § 25-411(A). "[T]he same [A.R.S. § 25-411(A)] constraint applies when a parent seeks a relocation that necessarily will involve a change in parenting time or legal decision-making." *Murray*, 239 Ariz. at 177, ¶ 8.

**¶13** It is undisputed that Mother sought to relocate Child less than one year after the superior court's March 2024 order establishing parenting time. And the court expressly recognized that Mother's relocation request would necessarily involve a change in the parties' parenting time schedule. Consequently, absent a showing of "serious[] endanger[ment to] the child's physical, mental, moral or emotional health," acts of domestic violence, or Father's failure to comply with the March 2024 order, the A.R.S. § 25-411(A) one-year waiting period for modifications applied to Mother's relocation request. *See id.*

**¶14** In denying Father's motion for relief from its relocation order, the superior court cited no authority for its proposition that it had discretion to circumvent A.R.S. § 25-411. The statute's language is compulsory—a party "*shall* not" move to modify parenting time or move for relocation if such a motion necessarily involves a change in parenting time, unless endangerment, domestic violence, or a claim of noncompliance with an order after six months have occurred. A.R.S. § 25-411(A) (emphasis added); *Murray*, 239 Ariz. at 177, ¶ 8. The court did not find, and neither party claimed, that any of these conditions existed. Absent those conditions, Mother was precluded from making her relocation motion within one year of the March 2024 order. Consequently, the court's relocation and modified parenting-time order constituted an abuse of discretion.

**¶15** Because we agree with Father that the superior court erred in granting Mother's relocation request and in modifying his parenting time, we do not address his other arguments on appeal challenging the relocation order or his challenge to the superior court's denial of his Rule 83 motion.

## CONCLUSION

¶16      We vacate the superior court's relocation and modification of parenting-time order.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR