NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MATTHEW RIORDAN, *Petitioner/Appellee*,

*v.*

TARA KANGAS, *Respondent/Appellant*.

No. 1 CA-CV 24-0838 FC

FILED 06-12-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-090313
The Honorable Keith Miller, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Rubin & Ansel, PLLC, Scottsdale
By Yvette D. Ansel
Counsel for *Respondent/Appellant*

Scottsdale Family Law, PLLC, Scottsdale
By Brian G. Winter
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Andrew J. Becke joined.

---

**B R O W N**, Judge:

¶1 Tara Kangas ("Mother") appeals the superior court's dissolution decree, asserting the court erred in denying her request for relocation and by granting her only limited parenting time. For the following reasons, we vacate those rulings and remand for further proceedings.

## BACKGROUND

¶2 Mother and Matthew Riordan ("Father") married in April 2021. Their son, W.R., was born in January 2022. Ten months later, Mother moved to Alaska with W.R. but without Father's consent. Father petitioned for dissolution of the marriage in January 2023 and the superior court entered temporary orders, stating it had not approved Mother's relocation to Alaska. Mother then petitioned for relocation of W.R. to Alaska.

¶3 The court held a trial on the parties' petitions. Mother testified repeatedly she had no intention of returning to Arizona if the superior court denied her petition for relocation of W.R. Father opposed relocation and requested equal parenting time, whether relocation was granted or denied. A court-appointed advisor testified that she did not recommend allowing the child to relocate, but equal parenting time was appropriate whether the child remained in Arizona or relocated to Alaska.

¶4 In its May 2024 dissolution decree, the court analyzed factors relevant to W.R.'s best interests and relocation under A.R.S. §§ 25-403(A) and -408(I). The court found that Mother did not meet her burden of showing that relocation was in W.R.'s best interests and thus denied relocation. The court noted this case was "a difficult one because there is merit to each parent's position." But despite Mother's repeated testimony of her intention to remain in Alaska, the court reasoned that "the possibility that Mother will return to Arizona if the relocation is denied supports the Court's conclusion. It would be the best if the child had both parents living

in the same area." The court gave Mother until June 1, 2024 "to elect whether to return to Arizona or not."

¶5           For parenting time, the court found a long-distance plan was necessary given the distance between the parental residences. The court ordered W.R. to reside with Father in Arizona as the primary residential parent if Mother continued residing in Alaska. The court gave Mother two six-week periods of parenting time per year in Alaska and permitted her additional parenting time in Arizona. However, if Mother chose to reside in Arizona, then an equal parenting time schedule would apply.

¶6           Finally, the court stated a holiday schedule "does not apply at this time," and ordered the parties to "follow [a] regular weekday/weekend parenting time schedule" for summer and vacation time. The court ordered Mother financially responsible for the child's travel costs to and from Alaksa.

¶7           Mother moved to stay the superior court's ruling pending an appeal and again advised the court she would not return to Arizona. The court denied Mother's motion. The court ordered child support and awarded Mother attorneys' fees. Mother timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### A.      Relocation and Parenting Time

¶8           Mother argues the superior court erred in denying her petition for relocation and by failing to give the reasons for which its relocation and parenting-time decisions were in W.R.'s best interests. She also argues the court failed to address holidays, summer, and vacation schedules as part of its parenting plan.

¶9           We review a court's ruling on relocation and parenting time for abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003); *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022). A court abuses its discretion when the record lacks competent evidence supporting the court's decision, or when the court commits an error of law while making a discretionary decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009). We view the record in the light most favorable to affirming the court's decision. *Id*. We defer to the court's factual findings unless clearly erroneous. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶10**        A court must decide a relocation request "in accordance with the child's best interests." A.R.S. § 25-408(G). The parent seeking to relocate the child bears the burden of proving relocation is in the child's best interests. *Id.* To determine the child's best interests for relocation purposes, the court must consider specific factors listed in §§ 25-403(A) and -408(I). *See Woyton v. Ward*, 247 Ariz. 529, 533, ¶ 12 (App. 2019). And when a relocation request implicates a change in parenting time, "the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B); *see also Wright v. Farris*, 259 Ariz. 149, 152, ¶¶ 12–14 (App. 2025); *Murray v. Murray*, 239 Ariz. 174, 177, ¶ 9 (App. 2016).

**¶11**        Mother argues the superior court improperly focused its rulings on the possibility of her return to Arizona, which was contrary to the evidence, and failed to explain how its relocation and parenting time decisions were in the best interests of W.R.

**¶12**        In its ruling, the court found (1) Mother did not fully comply with the court's interim orders in considering § 25-408(I)(4); (2) relocation would not offer Father a realistic opportunity for parenting time in considering § 25-408(I)(5); and (3) the move to Alaska would improve Mother's access to familial support in considering §§ 25-403 and -408(I)(3). The remaining factors, *see* §§ 25-403(A), -408(I), did not affect the court's decision. The court acknowledged the possibility of Mother's return to Arizona was a significant factor in its decisions. This finding, however, did not reflect Mother's repeated testimony that she would not return to Arizona if the court denied relocation of W.R.

**¶13**        Aside from the court's stated preference for Mother to remain in Arizona, the court did not provide reasons, as required by A.R.S. § 25-403(B), why denying relocation or severely limiting Mother's parenting time in a long-distance situation (two six-week periods in Alaska compared to the equal parenting time it ordered in a same-state scenario) was in W.R.'s best interests. *See Wright*, 259 Ariz. at 150–52, ¶¶ 2, 12–14, 17 (vacating superior court's ruling for failure to provide reasons as required by § 25-403(B) when deciding father would be the child's primary residential parent after mother moved out of state); *Hurd*, 223 Ariz. at 52, ¶ 20 ("In deciding a relocation request, the family court must make specific findings on the record as to all relevant factors and the reasons its decision is in the children's best interests."); *Owen*, 206 Ariz. at 420–21, ¶¶ 8–9 (concluding the superior court erred in not elaborating or explaining how it weighed any § 25-403 or -408 factors in determining whether relocation

was in the child's best interests). Failure to follow statutory mandates constitutes error as a matter of law. *Wright*, 259 Ariz. at 151, ¶ 11.

**¶14** Some of the superior court's factual findings were also contrary to the evidence or deficient. For example, in considering "[w]hether the relocation will allow a realistic opportunity for parenting time with each parent" under § 25-408(I)(5), the court merely found that "relocation would not really offer Father a realistic opportunity for parenting time." This finding does not account for testimony by Father requesting equal parenting time whether or not the child would relocate to Alaska.

**¶15** Also, in considering "[t]he extent to which moving or not moving will affect the emotional, physical or developmental needs of the child" under A.R.S. § 25-408(I)(6), the court noted W.R. "is young enough that this factor does not really weigh in the Court's decision in this case." But A.R.S. § 25-408(I) required the court to consider this factor regardless of W.R.'s age. The court also did not consider the future relationship between the parents and W.R. as required by § 25-403(A)(1), given Mother's unequivocal testimony that she would remain in Alaska, and it did not consider "[t]he interaction and interrelationship" of W.R. and his parents as required by § 25-403(A)(2).

**¶16** Finally, A.R.S § 25-403.02(C)(3) requires a parenting plan to include a practical holiday and school vacation schedule. Because W.R. is not yet in school, the superior court's ruling on summer and vacation time, although confusing, is not an abuse of discretion. However, the court's ruling stating a "Holiday Schedule does not apply at this time" does not satisfy the statutory mandate. *See id.*

### B. Travel Costs

**¶17** Mother also challenges the superior court's ruling ordering her financially responsible for the child's travel costs to and from Arizona, which we review for abuse of discretion. *In re Marriage of Robinson and Thiel*, 201 Ariz. 328, 335, ¶ 19 (App. 2001).

**¶18** The superior court "may allocate travel expenses of the child associated with parenting time in cases where one-way travel exceeds 100 miles." A.R.S. § 25-320 app. § XII.A.1. Mother argues the court abused its discretion in allocating travel expenses by placing the full cost of the travel obligation on Mother when the parties had no dispute that the travel would be shared equally between the parties. Mother relies on A.R.S. § 25-403.02(D) for support, which states, "[i]f the parents are unable to agree

on any element to be included in a parenting plan, the court shall determine that element."

**¶19** In the joint pretrial statement, both parties proposed equally splitting the child's travel expenses if the court granted relocation. Father testified similarly at the hearing. But the parties never addressed what should occur if the court denied relocation and Mother remained in Alaska. Thus, based on the current record we cannot say the court abused its discretion in ordering Mother responsible for W.R.'s travel costs.

### C. Attorneys' Fees

**¶20** Both parties request attorneys' fees incurred on appeal under A.R.S. § 25-324, which authorizes a discretionary fee award in dissolution proceedings after consideration of the parties' financial resources and the reasonableness of their positions taken throughout the proceedings. In our discretion, we decline to award attorneys' fees to either party.

### CONCLUSION

**¶21** We vacate the portions of the dissolution decree denying relocation and ordering parenting time. We remand for consideration of the factors in §§ 25-403(A) and -408(I) given Mother's residence in Alaska, and we direct the court to provide reasons under § 25-403(B) why relocation is not in W.R.'s best interests and why the existing parenting time plan is in W.R.'s best interests. The court must also include a holiday plan in its parenting time order as required by § 25-403.02(C)(3) and recalculate child support as necessary. In its discretion, the superior court may allow the parties to present more evidence in resolving these matters. We affirm the rest of the decree.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR