NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SASHA NICOLE PEREZ, *Petitioner/Appellant*,

*v.*

TRAMAINE MCCRARY, *Respondent/Appellee*.

No. 1 CA-CV 24-0909 FC

FILED 03-02-2026

Appeal from the Superior Court in Maricopa County
No.  FC2024-090049, FC2024-091380
The Honorable Keith A. Miller, Judge

**AFFIRMED**

COUNSEL

Sasha Perez, Mesa
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1　　　　Sasha Nicole Perez (Mother) appeals from the Decree of Dissolution of Marriage, ending her marriage with Tramaine McCrary (Father). Mother argues the superior court erred by failing to sanction Father for discovery and disclosure violations, by improperly determining child support and the division of community debt, and by indicating it would designate her a vexatious litigant if she made future filings. Because Mother has shown no error, the superior court's rulings are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　In January 2024, Mother filed and served on Father a Petition for Dissolution of Marriage with Minor Children, stating she and Father are the parents of one child, born in December 2022. In April 2024, after Mother alleged Father failed to timely respond, the court entered a default decree in a form Mother submitted. The decree dissolved the marriage and awarded Mother sole legal decision-making authority. A separate order required Father to pay Mother $1,252 in monthly child support, plus an additional $100 a month to pay down $12,000 in past-due child support.

¶3　　　　In April 2024, a day or two before the court signed the decree and child support order, Father filed a separate Petition for Dissolution of Marriage with Minor Children, listing the same child born in December 2022. After significant motion practice, the court set aside the April 2024 default decree, deemed Father's petition as a response to Mother's petition and consolidated the cases. The court then ordered the parties to exchange Affidavits of Financial Information and set trial for September 2024.

¶4　　　　In August 2024, Mother amended her petition, claiming domestic violence by Father and that the parties had community debt. Later that month, Mother filed a separate pretrial statement and a notice of discovery dispute stating Father had "chosen not to participate in any meaningful way even when told that he was required to do so." Father did not file a pretrial statement.

¶5        At the September 2024 trial, Mother and Father testified and the court took the matter under advisement. In November 2024, the court entered the decree dissolving the marriage, awarding joint legal decision-making authority and adopting a parenting plan based on a two-week cycle, with Father to pay Mother $210 in monthly child support. Finding an equal division of community property was appropriate, the decree ordered Mother to pay $1,038.59 in credit card debt and ordered Father to pay Mother a $600 equalization payment. Other debts, including eviction debt, were divided equally. Mother filed a timely appeal from the decree later in November 2024.

¶6        In February 2025, Mother filed a motion for contempt and to change parenting time, legal decision-making and child support, alleging (among other things) Father had failed to pay child support or the $600 equalization payment. In March 2025, Mother filed a petition to modify and a motion for temporary orders without notice, asserting "immediate intervention" was needed to protect the child's "health and well-being" due to recurring health issues that occurred during Father's parenting time. The court denied the request for temporary orders but set a May 2025 evidentiary hearing.

¶7        At the May 2025 hearing, after Mother and Father testified, the court dismissed Mother's March 2025 petition because it was filed before the expiration of the one-year statutory non-modification period. *See* Ariz. Rev. Stat. (A.R.S.) § 25-411(A) (2026) (with exceptions not applicable here, prohibiting requests to modify a decision-making or parenting time "decree earlier than one year after its date.").[1] The court admonished Mother that, if she filed further pleadings before the expiration of the one-year period, "the Court will impose financial sanctions against her as a vexatious litigant." The court, however, accepted the parties' stipulation modifying parenting time, increasing Father's monthly child support payments to $779, plus $30 per month to apply to arrearages. The court also set a July 2025 status conference to address Father's child support payments.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶8 Mother filed a motion to reconsider these May 2025 rulings. At the July 2025 status conference, the court ordered Father to pay Mother $50 a month to cure his failure to make the $600 equalization payment in the decree and noted the issue of child support had been resolved. A few days later, in a final judgment under Arizona Rule of Family Law Procedure 78(c), the court denied Mother's motion to reconsider, noting she had not established a basis for a contempt finding. Mother filed an amended notice of appeal challenging the July 2025 judgment denying her motion to reconsider, as well as the May 2025 rulings.

¶9 This court has jurisdiction over Mother's timely appeals under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1) & (2).

## DISCUSSION

¶10 Father failed to file an answering brief, which could be construed as a confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994). Given the issues involved, including the best interests of a young child, this court will exercise its discretion and address the merits of Mother's arguments.

## I. Mother Has Shown No Error in the Superior Court Addressing Father's Pretrial Disclosure and Discovery.

¶11 Mother alleges that, in proceedings leading up to the September 2024 trial, Father "failed to participate in discovery which included not returning interrogatories, failure to turn over financial affidavits, and that Mother learned of two books that [Father] had published and was selling on Amazon." Mother argues the superior court erred by allowing Father to testify and present evidence that she alleges was not properly disclosed. She asserts this "amounted to trial by ambush" violating her due process rights, adding "[n]othing about this trial was fair."

¶12 The superior court has "broad discretion in ruling on disclosure and discovery matters," and this court reviews those rulings for an abuse of discretion. *Johnson v. Provoyeur*, 245 Ariz. 239, 241-42 ¶ 8 (App. 2018) (citation omitted). "If a person fails to obey an order to provide or permit discovery, or fails to comply with a disclosure or discovery rule, the court *may* enter sanctions." Ariz. R. Fam. Law P. ("ARFLP") 65(b)(1) (emphasis added). Thus, the imposition of Rule 65 sanctions is discretionary, not mandatory.

4

¶13        The record shows that, in addressing Mother's objections to Father's lack of disclosure and discovery responses, the court stated it "may not be able to consider all the evidence that [Father] ha[d]." The court rejected Father's evidence regarding service of Mother's petition, stating that was not at issue. To the extent that Mother argued the court should have proceeded by default because of Father's failure to make timely disclosures, it appears the court rejected that proposed resolution. The record shows that the court considered what was before it, excluded evidence Father failed to disclose, considered what Father had disclosed and allowed both parties an opportunity to be heard. Mother has shown no abuse of discretion in those actions and has shown no denial of due process. *See Cruz v. Garcia*, 240 Ariz. 233, 236 ¶ 11 (App. 2016) ("'Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner,' as well as a chance to offer evidence and confront adverse witnesses.") (citing cases).

## II.    Mother Has Shown No Error in the Division of Community Property and the Equalization Payment.

¶14        Mother argues she should not be responsible for the full community debt when Father "admitted he shared in the responsibility and did not object to the community debt at any stage of the proceedings." Mother adds that Father acknowledged he owed Mother money and that the superior court had "an obligation to equitably divide clearly identified community property."

¶15        The superior court's ruling will be affirmed if there is substantial evidence in the record supporting that ruling, *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009) (citing cases), and this court accepts the superior court's factual findings unless clearly erroneous, *In re Marriage of Gibbs*, 227 Ariz. 403, 409 ¶ 16 (App. 2011) (citing cases). The equitable division of community property and community obligations is reviewed for an abuse of discretion. *See Hefner v. Hefner*, 248 Ariz. 54, 57 ¶ 6 (App. 2019) (citing cases); *accord Nesmith v. Nesmith*, 112 Ariz. 248, 252 (1975).

¶16        The superior court equally divided community debts, with the exception of the $1,038.59 credit card debt the decree found was Mother's responsibility. In doing so, the court considered evidence of pre-petition debt Mother offered. Regarding eviction debt, Mother confirmed that the parties were separated at that time. The court further questioned whether Mother's name was the only name on the eviction, which Mother confirmed, stating "he wasn't able to put anything [i]n his name. Everything was in my name." When asked if Father believed he should bear

any of the debts that Mother claimed were community debts, Father responded, "I'm not going to say I don't agree. I do agree, because I was married to her."

¶17        To the extent Mother argues the court should have weighed the evidence differently, this court does not reweigh evidence on appeal and gives "due regard to the [superior] court's opportunity to judge the credibility of the witnesses." *Hurd*, 223 Ariz. at 52 ¶ 16. Finally, the court considered whether the allocation of property in considering the debt was fair and equitable, ordering Father to make a $600 equalization payment to Mother. On the record provided, Mother has shown no abuse of discretion.

### III.    Mother Has Shown No Error in the Court Dismissing Her March 2025 Petition While Accepting the Parties' Stipulation to Modify Parenting Time.

¶18        Mother argues the superior court "abused its discretion when it dismissed [her] petition to amend parenting time, but yet amended parenting time." Mother's March 2025 petition was premature, coming just four months after the decree and citing no exception to the one-year statutory non-modification period for such a request to modify. *See* A.R.S. § 25-411(A). Accordingly, the court properly dismissed her March 2025 petition. The parties, however, stipulated to modify parenting time in the decree, and the court accepted that stipulation. Mother has not shown that the court abused its discretion by accepting the parties' stipulation to modify the decree. *See Lowther v. Hooker*, 129 Ariz. 461, 463-64 (App. 1981) (finding no error in accepting a stipulation by the parties to modify a decree after considering child's best interests) (citing authority). Again, Mother has shown no error.

### IV.    Mother Has Shown No Child Support Error.

¶19        Asserting Father failed to participate in pretrial disclosure and discovery, Mother argues Father disclosed at trial, for the first time, that he had another child, which the court considered in determining child support. The superior court has broad discretion in determining child support, and this court will review the award for an abuse of discretion. *Nash v. Nash*, 232 Ariz. 473, 478 ¶ 16 (App. 2013).

¶20        At trial, Father testified that he had two other children in addition to the parties' child. After confirming Father's current rate of pay was $26 an hour, the court asked, "what amount of child support are you paying for your other children." Father responded, "[f]or one of my children, who's like 10, it's $256 every two weeks. And I don't really pay

child support for my second son. I just – just buy what he needs as far as in clothes, shoes, pants. Sometimes food, depending on whatever his mom asks."

¶21 The superior court has significant discretion in addressing a claimed lack of disclosure and discovery. *See* ARFLP 65(b)(1). Here, the court considered Father's trial testimony, which was subject to cross-examination, in determining whether he had other support obligations. Although the court could have exercised its discretion to preclude such testimony, *id.*, Mother has shown no error in the court's refusal to do so.

¶22 Whether to credit a parent with the support of other children is a discretionary decision. *See* A.R.S. § 25-320(B)(2)(d) ("If a parent is the primary residential parent of a child from other relationships, that parent's Child Support Income *may* be reduced.") (emphasis added). Here, the court heard testimony from Father regarding his payment of support for his other children and took that into consideration. Mother has shown no abuse of discretion in the court doing so. *See Strait v. Strait*, 223 Ariz. 500, 502 ¶ 8 (App. 2010) ("Generally, a court may order reasonable and necessary child support based upon the parents' financial resources, and may 'consider all aspects of a parent's income' to ensure the award is just and 'based on the total financial resources of the parents.'").

## V. The Superior Court Did Not Err when It Conditionally Admonished Mother.

¶23 Mother argues the court, in denying her premature March 2025 petition, erred by admonishing her and "stating it would label her as a vexatious litigant" if she filed another premature petition. *See* A.R.S. § 25-411(A). Contrary to Mother's assertion, the court did not designate her a vexatious litigant. Instead, it warned Mother of the need, in the future, to comply with the one-year statutory waiting period and that, if she failed to do so, sanctions might follow. Specifically, the court stated, "Mother is admonished if she files any further pleadings for modification of the current orders prior to expiration of the one-year requirement in A.R.S. § 25-411, the Court will impose financial sanctions against her as a vexatious litigant." Mother has shown no abuse of discretion in the court providing this warning.

## VI. Attorneys' Fees and Costs.

¶24 Mother requests an award of attorneys' fees and costs on appeal. Because she has shown no entitlement to such an award, her request is denied.

## CONCLUSION

¶25 The superior court's rulings are affirmed.

